UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x
BASIL SEGGOS, as Commissioner of the New York   :
State Department of Environmental Conservation and   :
Trustee of New York State's Natural Resources, and the   :   **CASE NO. 2:17-cv-02684-SJF-ARL**
STATE OF NEW YORK,   :
  :   **FED. R. CIV. P. 26(f)**
  Plaintiffs,   :   **DISCOVERY PLAN REPORT**
  :
  - against -   :
  :
THOMAS DATRE, JR. et al.,   :
  :
  Defendants.   :
------------------------------------------------------------------------ x

Plaintiffs Basil Seggos, as Commissioner of the New York State Department of

Environmental Conservation and Trustee of New York State's Natural Resources, and the State of

New York (together "the State") and seven defendants,[1] through their undersigned counsel, submit

the report below outlining their discovery plan pursuant to Fed. R. Civ. P. 26(f).  Twelve defendants

have not joined the discovery plan because they intend to ask the Court to stay all or most of discovery

prior to decisions on the pending motions to dismiss.[2]  Counsel for two defendants did not confer with

the State regarding a discovery plan.[3]  No appearances have been entered for the remaining thirteen

defendants.[4]

---

[1] The seven defendants who join this report are IEV Trucking Corp., All Island Masonry & Concrete, Inc., Building
Dev Corp., Dimyon Development Corp., New Empire Builder Corp., East Coast Drilling NY Inc., and Triton
Construction Company, LLC.  Defendants Building Dev Corp. and Dimyon Development Corp. join this report and
agree to provide initial disclosures under Rule 26(a)(1) on or before September 29, 2017, as set forth in Section A of the
discovery plan.  However, these defendants intend to ask the Court for a stay of all other discovery pending decisions on
the motions to dismiss.  (*See infra* Section K.)

[2] Those twelve defendants are Thomas Datre, Jr.; 5 Brothers Farming Corp.; Daytree at Cortland Square Inc.; COD
Services Corp.; Cipriano Excavation Inc.; Touchstone Homes LLC; New York Major Construction Inc.; M & Y
Developers Inc.; Atria Builders, LLC; Monaco Construction Corp.; ILE Construction Group, Inc.; and Sparrow
Construction Corp.  (*See infra* Section K.)

[3] Those two defendants are Plus K Construction Inc. and East End Materials, Inc.

[4] Those thirteen defendants are Christopher Grabe; Sams Rent and Construction; Sam's Rent, Inc.; Sukram & Sons Ltd.;

A.      Disclosures Under Fed. R. Civ. P. 26(a).  The parties shall serve the initial disclosures required by Fed. R. Civ. P. 26(a)(1) on or before September 29, 2017.  The parties do not otherwise request changes in the timing, form, or requirements for such disclosures or for other disclosures under Fed. R. Civ. P. 26(a).

B.      Discovery Schedule and Subjects of Discovery.  Fact discovery shall be completed by June 7, 2018 and expert discovery shall be completed by September 7, 2018.  The parties do not currently see a need to conduct discovery in phases, except that the parties believe that expert discovery, if any, should follow fact discovery.

      i.     Some defendants would like to propose that the Court establish the following interim discovery deadlines: Initial requests for the production of documents pursuant to Fed. R. Civ. P. 34 shall be served on or before October 31, 2017; responses and objections shall be served in accordance with Fed. R. Civ. P. 34(b); and documents responsive to initial requests shall be produced on or before December 29, 2017.

      ii.     Some defendants would like to propose that the Court establish various interim deadlines for expert discovery, and will propose those deadlines to the Court at the initial status conference.

      iii.     The parties will confer subsequent to service of discovery requests as to the appropriate scope of discovery, but the subjects of discovery may include, without limitation:

           a.   Any transport of construction waste from each construction site to Roberto Clemente Park (the "Park") and the alleged disposal of the waste at the Park

---

"John Doe"; Woori Construction Inc.; NY Finest Enterprises Inc.; Alef Construction Inc.; 158 Franklin Ave. LLC; Luciano's Construction, Inc.; Ciano Concrete Corp.; Freedom City Contracting Corp.; and Total Structure Services Inc.

during the time period between August 2013 and April 2014, inclusive (the "Relevant Time Period");

b.  The involvement, if any, of each defendant with respect to the transport of construction waste from the construction sites to the Park during the Relevant Time Period;

c.  The composition of the waste that was allegedly transported from the construction sites to the Park during the Relevant Time Period;

d.  The discovery of any construction waste disposed at the Park;

e.  Testing conducted on soils or waste at the Park;

f.  The use and condition of the Park before and after the Relevant Time Period;

g.  The State's alleged damages in this matter and how its damages differ from those sought by the Town of Islip in a separate action, *Town of Islip v. Thomas Datre, Jr., et al.*, Case No. 16-CV-2156 (JFB) (AYS);

h.  The culpability/failure to mitigate the alleged damages by the Town of Islip;

i.  When the State knew or should have known of the presence of hazardous materials at the Park; and

j.  All statements made by the New York State Department of Environmental Conservation regarding any of the above-listed topics, including but not limited to any statements made to *Newsday* or any reporters or representatives of the media, or made to any officials, employees, or agents of the Suffolk County District Attorney's Office or the Town of Islip.

C.  <u>Production of Electronically-Stored Information.</u>  The identification and collection of electronic documents will be directly supervised by counsel and/or third-party vendors for the parties,

and the parties agree to collect and produce electronic documents in a manner that preserves the customary fields of metadata intact.   Where reasonably feasible, the parties will produce electronic documents in TIFF format with Opticon/Concordance load files.  The productions shall contain the "extracted text" of the electronic documents, as well as the customary fields of metadata.  The parties agree that certain electronic document formats, such as .XLS spreadsheets and other formats that the parties shall agree upon, shall not be produced in TIFF format, but instead will be produced in "native" format, with a "click-through" link in the respective Concordance database.   Where the parties determine that the foregoing manner of production set forth in this paragraph is not reasonable or feasible in proportion to the amount of documents that would be produced or the costs that would be incurred with such a production, the parties will produce electronic documents in another agreed-upon electronic and searchable form.  The parties will cooperate in determining the appropriate scope of production, including, without limitation, cooperation regarding the date ranges of relevant documents, identification of custodian files to be searched, and search terms to be used.

Some defendants would like to propose to the Court that the parties be required to establish an electronic document repository that would be accessible to all parties.

D.      Claims of Privilege.  When a claim of privilege is asserted in objecting to a requested disclosure, the parties shall cooperate in determining an agreed-upon manner of communicating the information required by Local Civil Rule 26.2, which may or may not include a traditional privilege log.

E.      Changes to Limitations on Discovery.  The parties agree that pursuant to Fed. R. Civ. P. 30(a) and considering the numerous defendants in this case, the State shall not be limited to taking ten depositions.  Some defendants would like to propose that the Court set an initial limit on the number of depositions that the State may take, but that such number should be more than ten.

F.      Other Scheduling Matters.

    i.      Any amendments to pleadings without leave of Court must be filed by October 9, 2017.

    ii.     Dispositive motions, if any, shall be served on or before November 7, 2018.

    iii.    The deadlines for all motions *in limine*, including motions regarding the admissibility of expert testimony, shall be set at a later conference.

G.      Electronic Service of Documents.   The parties agree that electronic service of all documents, including discovery requests and responses, and motion papers, shall be sufficient and deemed effective at the time of service, unless the serving party learns that the document did not reach the person to be served.

H.      Notice of Third-Party Subpoenas.   In accordance with Fed. R. Civ. P. 45(a)(4), any parties serving third-party subpoenas shall provide notice of such subpoenas to the other parties to this action.

I.      Crossclaims.   Some defendants have requested that crossclaims for contribution, such as those under CPLR Article 14 and New York Generable Obligations Law § 15-108, be deemed pleaded and denied.

J.      Attending Depositions by Telephone.   Parties wishing to attend depositions of other parties or non-parties may do so by telephone.

K.      Requests that Discovery be Stayed.   Defendants Daytree at Cortland Square Inc., Thomas Datre Jr. and 5 Brothers Farming Corp. object, pursuant to Rule 26(a)(1)(C), to initial disclosures and, more broadly, request that their discovery obligations in this case be stayed by the Court.  On or about July 18, 2017, these defendants moved to dismiss this action, arguing that the Town of Islip, a political subdivision of the State of New York, first filed a substantially similar

lawsuit involving the same claims and purportedly arising out of the same alleged events against them and others in this very same Court. *See Town of Islip v. Thomas Datre, Jr., et al.*, Case No. 16-CV-2156 (JFB) (AYS). These objecting defendants respectfully submit that they should not be required to face duplicative litigations pending in the very same courthouse, including engaging in voluminous disclosure and discovery with the large number of parties named herein until these motions are decided. These defendants participate in this report only to interpose this objection.

Defendants C.O.D. Services Corp. and Cipriano Excavation Inc. object to proceeding with discovery in this action until the dispositive motions have been addressed by the Court insofar as the resolution of the motions is expected to reduce the number of parties and narrow the issues on which discovery will proceed.

Defendants Building Dev Corp. and Dimyon Development Corp. agree to provide initial disclosures under Rule 26(a)(1) on or before September 29, 2017, as set forth in Section A of the discovery plan. These defendants request that the Court grant a stay of all other discovery until (1) their motion to dismiss on statute of limitations grounds, and all other pending motions to dismiss, are decided and (2) the State has proffered its evidence of a nexus between the construction sites with which those defendants were involved and the material disposed at Roberto Clemente Park. These defendants' stated reason for their proposal is that if the action is dismissed, they may avoid protracted discovery, and that the State's proffer of evidence would allow them to evaluate the litigation, given that their clients are not alleged to have any direct knowledge that waste originating at their construction sites was disposed at the park. These defendants note that the State has already received disclosures from multiple parties, including them, through pre-litigation subpoenas.

A number of the other putative "arranger" defendants[5] propose that most discovery in the case should be stayed until (1) the pending motions to dismiss are decided and (2) the State has proffered its evidence of a nexus between the construction sites with which those defendants were involved and material disposed at Roberto Clemente Park.  These defendants' stated reason for their proposal is that if the action is dismissed, they may avoid protracted discovery, and that the State's proffer of evidence would allow them to evaluate the litigation, given that their clients are not alleged to have any direct knowledge that waste originating at their construction sites was disposed at the park.  Defendants note that the State has already received disclosures from multiple parties, including them, through pre-litigation subpoenas.

Dated: New York, New York
       September 5, 2017

                       ERIC T. SCHNEIDERMAN
                       Attorney General of the State of New York
                       *Attorney for Plaintiffs*

               By:  /s/ Matthew J. Sinkman
                   Assistant Attorney General
                   Environmental Protection Bureau
                   120 Broadway, 26th Floor
                   New York, New York 10271
                   (212) 416-8279
                   Matthew.Sinkman@ag.ny.gov

---

[5]  The defendants are Touchstone Homes LLC; New York Major Construction Inc.; M & Y Developers Inc.; Atria Builders, LLC; Monaco Construction Corp.; ILE Construction Group, Inc.; and Sparrow Construction Corp.

DESENA & SWEENEY LLP

By: /s/ Paul J. Felicione
*Attorneys for New Empire Builder Corp.*
1500 Lakeland Avenue
Bohemia, NY 11716
631-360-7333
Email: pjfesq@dslawny.com


PIANA & GIOE

By: /s/ Jack Piana
*Attorneys for All Island Masonry & Concrete, Inc.*
1200 Veterans Memorial Highway 360
Hauppauge, NY 11788
(631) 232-3700
Email: jpiana@pianagioe.com


WESTERMANN SHEEHY KEENAN
SAMANN & AYDELOTT, LLP

By: /s/ Michael F. Kuzow
*Attorneys for Triton Construction
Company, LLC*
The Omni Building
Suite 702
333 Earle Ovington Boulevard
Uniondale, NY 11553
516-794-7500
Email: michaelkuzow@westerlaw.com


HOGAN & CASSELL LLP

By: /s/Michael D. Cassell
*Attorneys for IEV Trucking Corp.*
500 North Broadway
Suite 153
Jericho, NY 11753
516-942-4700
Email: mcassell@hogancassell.com

CERMELE & WOOD LLP

By: _____/s/Michael R. Wood_____
*Attorneys for East Coast Drilling NY Inc.*
2 Westchester Park Drive, Suite 110
White Plains, New York 10604
Tel: (914) 967-2753
Email: mike@cw.legal


COHEN & GRESSER LLP

By: /s/ Christian Everdell
*Attorneys for Building Dev Corp. and*
*Dimyon Development Corp.*
800 Third Avenue
New York, New York 10022
(212) 957-7600
Email: ceverdell@cohengresser.com


JASPAN SCHLESINGER LLP
*Attorneys for C.O.D. Services Corp.*

By:  /s/ Laurel R. Kretzing
LAUREL R. KRETZING
CHRISTOPHER E. VATTER
JEFFREY D. LEBOWITZ
300 Garden City Plaza, 5th Floor
Garden City, New York 11530
(516) 746-8000
Email: lkretzing@jshllp.com


THE LAW OFFICE OF MARK E. NADJAR, P.C.

By: /s/ Mark E. Nadjar
*Attorneys for Cipriano Excavation Inc.*
366 Veterans Memorial Hwy
Commack, NY 11725
631-385-8900
Email: marknadjar@optonline.net

Dated:  Merrick, New York
       August 29, 2017

                      CAMPANELLI & ASSOCIATES, P.C.
                      *Attorneys for Daytree at Cortland Square Inc.*

                      By: __ ____/s/Amanda R. Disken_____
                          Amanda R. Disken, Esq.
                      1757 Merrick Avenue, Suite 204
                      Merrick, New York 11566
                      Tel: (516) 746-1600
                      Fax: (516) 746-2611
                      Email: ard@campanellipc.com

                                - and -

                      LAW OFFICES OF DAVID A. ANTWORK, P.C.
                      *Attorneys for Thomas Datre Jr. and*
                      *5 Brother Farming Corp.*

                      By: __ ____/s/David A. Antwork_____
                         David A. Antwork, Esq.
                      1757 Merrick Avenue, Suite 207
                      Merrick, New York 11566
                      Tel: (516) 757-5634
                      Fax: (516) 746-2611
                      Email: dantwork@davidantworklaw.com