UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
BASIL SEGGOS, as Commissioner of the New York
State Department of Environmental Conservation and
Trustee of New York State's Natural Resources, and
the STATE OF NEW YORK,

                            Plaintiff,                                **ORDER**
                                                                         CV 17-2684 (SJF) (ARL)

       -against-

THOMAS DATRE, JR., et al,

                            Defendants.
----------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

      Before the Court is the motion of David Antwork ("Antwork") for leave to withdraw as the attorney of record for the defendants Thomas Datre, Jr. ("Datre") and 5 Brothers Farming Corp. ("5 Brother") pursuant to Local Civil Rule 1.4. According to Antwork, he is currently representing these defendants in two other federal matters and in one state matter and is owed close to $20,000 in total for all of the matters. Antwork asserts that there is no reasonable prospect of being paid the fees. Antwork further indicates that he will not be asserting a retaining or charging lien and that Datre has consented to the application. For the reasons set forth below, the motion to withdraw is granted.

      Rule 1.4 provides that:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by the order. Such an order may be granted only upon a showing by affidavit of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien. All applications to withdraw must be served upon the client and (unless excused by the Court) upon all other parties.

*See* Local Civil Rule 1.4 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York. In deciding the motion, "the Court must consider 'both the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding.'" *Rana v. Islam*, No. 14-CV-1993, 2016 WL 859859, at *3 (S.D.N.Y. Mar. 1, 2016) (quoting *Maharaj v. Red Shirt Entm't, LLC*, 14-CV-3486, 2015 WL 5730116, at *2 (S.D.N.Y. Sept. 17, 2015)). Here, counsel has indicated that Datre can no longer afford to

defend the case. Datre, who has been sued individually and is a principal of the corporate defendant, has stated that he will not oppose the application. In addition, Antwork served his application on all parties by ECF and to date no party has opposed the motion. Finally, the motions to dismiss of several defendants are the subject of a Special Master's Report and Recommendation currently pending before the Court. As such, discovery in this matter is still in its infancy.

Accordingly, on or before August 20, 2018, 5 Brothers is directed to obtain new counsel and have its new counsel file a notice of appearance with the Court. 5 Brothers is reminded that a corporate defendant may not proceed *pro se*. On or before August 20, 2018, the defendant Datre is directed to advise the Court if he intends to proceed *pro se* or to have his new counsel file a notice of appearance on his behalf.

Outgoing counsel is directed to serve a copy of this order on Datre and 5 Brothers immediately upon receipt and to file proof of service with the Court.

Dated: Central Islip, New York
      July 3, 2018

**SO ORDERED:**

_____/s/_____
ARLENE ROSARIO LINDSAY
United States Magistrate Judge