

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

BARBARA D. UNDERWOOD
ATTORNEY GENERAL

DIVISION OF SOCIAL JUSTICE
ENVIRONMENTAL PROTECTION BUREAU

October 12, 2018

**VIA ECF**
Honorable Sandra J. Feuerstein
United States District Judge
Eastern District of New York
1014 Federal Plaza
Central Islip, New York 11722

      Re:    <u>Seggos et al. v. Datre et al.</u>, Case No. 2:17-cv-02684-SJF-ARL

Dear Judge Feuerstein:

      We represent Basil Seggos, as Commissioner of the New York State Department of Environmental Conservation ("DEC") and Trustee of New York State's Natural Resources, and the State of New York (together, the "State"), in the above-referenced action. I write to follow up on my letter dated September 21, 2018, which requested entry of a proposed consent decree settling the State's case against defendant Triton Construction Company, LLC ("Triton"). *See* ECF No. 344. I wish to clarify the manner in which the State calculated the amount of the agreed-upon settlement payment with Triton. I also write to respond to objections to the settlement. *See* ECF Nos. 346-348.

      <u>The State's Settlement with Triton.</u> Triton was the first of more than thirty defendants in this case to settle with the State. I explained in my prior letter that the amount of the State's settlement with Triton roughly correlated to the number of truckloads brought to the Park just from Triton's construction site. *See* ECF No. 344 at p.3. We subsequently realized that the actual settlement amount agreed upon with Triton reflects less than the full number of truckloads of waste brought to the Park from Triton's construction site.

      The State fully stands by this settlement for the other reasons stated in my prior letter and because Triton was the first defendant to settle. *See* ECF No. 344. Additionally, there is another defendant at the same site who is also liable for damages, and the other defendants are jointly and severally liable for the entirety of the State's damages.

Hon. Sandra J. Feuerstein
October 12, 2018
Page 2

      The Objections to the Settlement. The objecting defendants ("objectors") argue first that the State's method of calculating the amount of its settlement with Triton is "overly simplistic." ECF No. 346 at p.2. But CERCLA does not require precision in determining an appropriate settlement amount. Rather, CERCLA only requires "some acceptable measure of comparative fault, apportioning liability among the settling parties according to rational (if necessarily imprecise) estimates of how much harm each [potentially responsible party] has done." *New York v. Panex Industries, Inc.*, No. 94-CV-0400E(H), 2000 U.S. Dist. Lexis 7913, at *9 (W.D.N.Y. June 6, 2000) (alteration in original) (quoting *United States v. Cannons Engineering Corp.*, 899 F.2d 79, 87 (1st Cir. 1990)). The State's method for apportioning liability "should be upheld so long as the [State] supplies a plausible explanation for it." *Cannons*, 899 F.2d at 87.

      The settlement with Triton reflects a rational estimation of its liability based upon the number of truckloads of waste attributable to it and disposed in the Park. *See Cannons*, 899 F.2d at 87-88 (settling parties' comparative fault was properly based on the relative volume of their waste; rejecting argument that settlers' liability needed to consider the relative toxicity of the waste; also noting early settlements could include discounts); *Panex*, 2000 U.S. Dist. Lexis 7913, at *7, 12-15 (similar). The State's estimated damages of $3 million, in turn, is a conservative estimate. Based on an economic report by The Trust for Public Land, the State estimated that members of the public would have visited the Park 281,538 times during the three-year closure and that the value of each lost visit was $3.98, for a total of $3,361,563.72.[1] *See Cannons*, 899 F.2d at 88 (noting that CERCLA does not require definitive damages estimates as a precondition for settlement).

      Second, objectors contend that the settlement allocates liability inequitably among settling and non-settling parties. ECF No. 347 at p.2. But even though the settlement represents less than the full number of truckloads of waste from Triton's construction site, as objectors themselves note, "CERCLA does not preclude settlement agreements operating to the disadvantage of non-settling parties." *Id.*; *accord Cannons*, 899 F.2d at 88, 91; *Panex*, 2000 U.S. Dist. Lexis 7913, at *9. Moreover, the State is willing to settle with other defendants based on the volume of waste brought to the Park that is attributable to their sites.

      Third, objectors ask the Court to delay settlement until after considerable discovery has occurred. Objectors would apparently require document and expert discovery regarding each defendant's "respective [13] construction sites," "whether the [more than 170] truck[loads] [of waste] were the same size, where in the Park the waste was ultimately deposited and, significantly, whether those truck[loads] contained hazardous substances." ECF No. 346 at p.3.

---

[1] *See* The Trust for Public Land, *The Economic Benefits and Fiscal Impact of Parks and Open Space in Nassau and Suffolk Counties, New York*, http://cloud.tpl.org/pubs/ccpe--nassau-county-park-benefits.pdf (last visited, October 10, 2018). The State based its damage estimate on this data, without accounting for inflation or the estimated costs of employing experts to assess the damages, which are recoverable under CERCLA. See 42 U.S.C. § 9607(a)(4)(c).

Hon. Sandra J. Feuerstein
October 12, 2018
Page 3

      CERCLA does not require discovery or definitive answers to these factual questions prior to settlement. *See Panex*, 2000 U.S. Dist. Lexis 7913, at *13 (noting that where there is an incomplete factual record, a procedurally fair method of determining relative culpability may be used as the basis for a substantively fair settlement) (citing *U.S. v. Charles George Trucking, Inc.*, 34 F.3d 1081, 1089 (1st Cir. 1994)); *Cannons*, 899 F.2d at 88; *see also In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 119 (2d Cir. 1992) (observing that one of CERCLA's main goals is to encourage settlements and to avoid the expenditure of public funds on lengthy litigation). Triton and the State are entitled to settle now.

      Finally, without citing any authority from the Second Circuit, objectors contend that the Court must apply some unspecified level of heightened scrutiny to evaluate the fairness of the settlement. ECF No. 346 at p.1 (citing *Arizona v. City of Tucson*, 761 F.3d 1005 (9th Cir. 2014)). Objectors presumably would also ask the Court to conduct a searching review of the discovery discussed above for every party that wishes to settle with the State. Yet objectors do not disagree that the Court owes at least some deference to the settling parties and that the Court must simply satisfy itself that the settlement is fair, reasonable, and consistent with the purposes of CERCLA, as stated in my prior letter. ECF No. 344 at p.2; *see also Arizona*, 761 F.3d at 1012. The settlement meets this standard.

      I note also that objectors' potential liability will be reduced by the amount paid by Triton, and objectors can still seek contribution from the remaining thirty defendants. *See* 42 U.S.C. §§ 9613(f)(1)-(2). And while objectors assert that the settlement will not reduce the State's litigation burden, that is speculative at best, as the State will face one less defendant. *See* ECF No. 347 at p.3.

      For the reasons stated above and in my prior letter, the State respectfully requests that the Court enter the proposed consent decree with Triton.

      Respectfully submitted,

      /s/ Matthew J. Sinkman

      Assistant Attorney General