UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
BASIL SEGGOS, as Commissioner of the New York
State Department of Environmental Conservation and
Trustee of New York State's Natural Resources, and
THE STATE OF NEW YORK,

                                Plaintiffs,

       - against-

THOMAS DATRE, JR., CHRISTOPHER GRABE,
5 BROTHERS FARMING CORP., DAYTREE AT
CORTLAND SQUARE INC., IEV TRUCKING
CORP., COD SERVICES CORP., ALL ISLAND
MASONRY & CONCRETE, INC., BUILDING DEV
CORP., DIMYON DEVELOPMENT CORP., NEW
EMPIRE BUILDER CORP., CIPRIANO
EXCAVATION INC., TOUCHSTONE HOMES
LLC, SAMS RENT AND CONSTRUCTION, SAM'S
RENT, INC., NEW YORK MAJOR CONSTRUCTION
INC., EAST COAST DRILLING NY INC., TRITON
CONSTRUCTION COMPANY, LLC, SUKRAM AND
SONS LTD., M&Y DEVELOPERS, INC., "JOHN DOE,"
ATRIA BUILDERS LLC, WOORI CONSTRUCTION
INC., PLUS K CONSTRUCTION, INC., NY FINEST
ENTERPRISES INC., MONACO CONSTRUCTION
CORP., ALEF CONSTRUCTION INC., 158 FRANKLIN
AVE. LLC, LUCIANO'S CONSTRUCTION, INC., ILE
CONSTRUCTION GROUP, INC., EAST END
MATERIALS, INC., SPARROW CONSTRUCTION
CORP., CIANO CONCRETE CORP., FREEDOM CITY
CONTRACTING CORP., and TOTAL STRUCTURE
SERVICES INC.,

                                Defendant.
-------------------------------------------------------------------X

FILED
CLERK
8/5/2019 12:51 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**ORDER**
17-CV-2684 (SJF)(ARL)

FEUERSTEIN, District Judge:

      Plaintiffs Basil Seggos, as Commissioner of the New York State Department of

Environmental Conservation ("DEC"), and the State of New York (collectively, "Plaintiffs")

commenced this action asserting claims pursuant to the Comprehensive Environmental

Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9601 *et seq.*, New York Real Property Actions and Proceedings Law § 841, and New York common law. According to the complaint, defendants transported and dumped "tens of thousands of tons" of construction and demolition debris containing hazardous materials at the Roberto Clemente Park in Brentwood, New York (the "Park"). Complaint, ("Compl."), Docket Entry ("DE") [1], ¶1.

The Complaint divides the defendants into three groups: (1) the Operator/Transporter Defendants[1] who allegedly transported construction waste containing hazardous substances from construction sites in the New York City metropolitan area to the Park, Compl., ¶¶8-12; (2) the Arranger-Broker Defendants[2] who allegedly acted as brokers between the construction site operators and the Operator/Transporter Defendants for the removal and disposal of the waste; and (3) the Arranger Defendants, who were contractors or subcontractors at the construction sites where the waste was generated.[3] The Arranger Defendants made arrangements for the disposal of the materials with the Arranger-Broker Defendants, who in turn arranged for the Operator/ Transporter Defendants to do the actual disposal. Motions to dismiss the complaint were filed by the following defendants: Daytree, Motion, DE [268]; IEV, Motion DE [284]; New Empire, Motion DE [272]; and Building Dev/Dimyon, Motion, DE [279]. A Special Master was

---

[1]The Operator/Transporter Defendants are: Thomas Datre, Jr.; Christopher Grabe; 5 Brothers Farming Corp.; and Daytree at Cortland Square Inc. ("Daytree").

[2]The Arranger-Broker Defendants are: IEV Trucking Corp. ("IEV") and COD Services Corp. ("COD").

[3]The remaining twenty-eight (28) defendants comprise the Arranger Defendant group and include movants New Empire Building Corp. ("New Empire"), and Building Dev. Corp. and Dimyon Development Corp. (collectively "Building Dev/Dimyon"). A Clerk's Certificate of Default has been entered as to eleven (11) of the Arranger Defendants.

appointed to issue a report and recommendation on the motions.  *See* Order, DE [294], [304].

The Special Master issued an Omnibus Report and Recommendation (the "Report), DE [313], recommending that the motions be granted in part and denied in part.  He recommended that the Court decline to take judicial notice of materials outside the complaint and deny the motion to dismiss the CERCLA as barred by the statute of limitations.  He made further recommendations that (1) Plaintiffs have standing to maintain the action; (2) the determination of whether the state law claims are subject to a three-year or six-year statute of limitations be deferred as the facts are not sufficiently developed at this juncture; (3) the motions to dismiss the CERCLA claim for failure to state a claim be denied; (4) the motions to dismiss the public nuisance claim be denied; (5) the motions to dismiss the negligence claim be granted; (6) Daytree's motion to dismiss for failure to state a claim against it be denied; and (7) the motions to dismiss based on the "first-to-file rule" be denied.[4]

**I. STANDARD OF REVIEW**

Pursuant to Rule 53(f)(1) of the Federal Rules of Civil Procedure, the Court in acting on the master's report or recommendations "may adopt or affirm, modify, wholly or partly reject or reverse, or resubmit to the master with instructions." FED. R. CIV. P. 53(f)(1).  Should a party raise objections to the master's report, "[t]he court must decide de novo all objections to conclusions of law made or recommended by a master." FED. R. CIV. P. 53(f)(4).

Rule 53 does not, however, specify the scope of review required as to findings of fact and conclusions of law made by a master that are *not* the subject of objections by a party.  Similarly,

---

[4]The purported "first filed" action is also pending in this District. *See Town of Islip v. Datre,* 16-CV-2156 (the "*Town of Islip* action").  The Operator/Transporter Defendants and the Arranger-Broker Defendants are also named as defendants in the *Town of Islip* action.

28 U.S.C. §636(b)(1), the statute governing review of a Magistrate Judge's report and recommendation, "does not on its face require any review at all, by either the district court or the court of appeals, of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985). In this Circuit, courts considering a Magistrate Judge's report and recommendation use a clear error standard to review findings of facts and conclusions of law to which no party has objected. *See, e.g., Safety-Kleen Sys., Inc. v. Silogram Lubricants Corp.*, No. 12-CV-4849, 2013 WL 6795963, at *1 (E.D.N.Y. Dec. 23, 2013) (in the absence of an objection, a court "need only satisfy itself that there is no clear error on the face of the record to accept a magistrate judge's report and recommendation" (internal quotation marks and citation omitted)). Courts reviewing Special Master Reports have also determined, without discussion but with citation to authority involving review of a Magistrate Judge's report, that those portions of a Special Master's Report to which no objections have been made are reviewed for clear error. *See, e.g., CA, Inc. v. New Relic, Inc.*, No. CV 12-5468, 2015 WL 13753674, at *6 (E.D.N.Y. Sept. 28, 2015) ("[t]he Court reviews the portions of the Special Master's R&R which have no objections for clear error" (citing *Benicorp Ins. Co. v. Nat'l Med. Health Card Sys.*, 447 F. Supp. 2d 329, 331 (S.D.N.Y. 2006)); *CA, Inc. v. Simple.com, Inc.*, 780 F. Supp. 2d 196, 208 (E.D.N.Y. 2009) (in the absence of objections, "the Special Master's findings of fact or legal conclusions will not be overturned unless clearly erroneous" (citing *Benicorp,* 447 F. Supp. 2d at 331; Fed. R. Civ. P. 72(b))). Here, the Special Master's findings of fact or legal conclusions to which there have been no objections will be reviewed for clear error.

Plaintiffs have filed objections as to some of the Report's conclusions, *see* DE [317], as have all the moving Defendants. *See* COD Objections, DE [315]; New Empire Objections, DE

4

[316]; IEV Objections, DE [318]; Daytree Objections, DE [319], and Building Dev/Dimyon Objections, DE [321]. Several of the non-moving Defendants have also filed objections to the Report.[5]

## II. DISCUSSION

### A. Timeliness of the CERCLA Claim

Pursuant to CERCLA, upon release of hazardous substances into the environment, liability may be imposed for "damages for injury to, destruction of, or loss of natural resources, including the reasonable costs of assessing such injury, destruction, or loss resulting from such a release." 42 U.S.C. § 9607(a)(4)(C). "The term 'natural resources' means land, fish, wildlife, biota, air, water, ground water, drinking water supplies, and other such resources belonging to, managed by, held in trust by, appertaining to, or otherwise controlled by . . . any State or local government. . ." 42 U.S.C. § 9601 (16). Claims under CERCLA for natural resource damages must be commenced within three (3) years of "[t]he date of the discovery of the loss and its connection with the release in question." 42 U.S.C. § 9613(g)(1).

Plaintiffs commenced this action on May 4, 2017, seeking to recover natural resource damages "including the lost use of the Park during the time it was closed." Compl. ¶230. They do not seek recovery of remediation or removal costs,[6] but rather seek natural resource damages for the loss of use of the Park resulting from Defendants' alleged conduct.

---

[5] The non-moving Defendants who have filed objections, either by submitting briefs or filing letters joining in the other objections, are: Atria Builders, LLC, ILE Construction Group, Inc., M&Y Developers Inc., Monaco Construction Corp., New York Major Construction Inc., and Touchstone Homes LLC, DE [322]; 5 Brothers Farming Corp. and Thomas Datre, Jr., DE [323]; and Plus K Construction Inc., DE [324].

[6]Plaintiff in the *Town of Islip* action seeks recovery of remediation and recovery costs.

1. Accrual of the Claim

The Special Master reached several conclusions concerning implementation of the CERCLA statute of limitations. He recommended that for accrual purposes, the "date of discovery" be the date of constructive, not actual, knowledge of the loss. Report at 20 (citing *Merck & Co. v. Reynolds,* 559 U.S. 633, 644-48, 130 S. Ct. 1784, 176 L. Ed. 2d 582 (2010); *Comm'r of the Dep't of Planning & Natural Res. v. Century Alumina, Co.,* Civ. Action No. 05-0062, 2010 WL 2772695, at *4 (D. V.I. July 13, 2010), *amended on other grounds,* 2010 WL 3310726 (D. V.I. Aug. 20, 2010)). Accordingly, he recommended that the date of discovery be "the date that Plaintiffs first knew or with reasonable diligence would have known of the loss and its connection with the release of [the] hazardous substance in question." Neither party has objected to the application of a constructive notice standard, and as the Court finds no clear error in this determination, the recommendation is adopted.

Defendants do object to the Special Master's conclusions regarding what constitutes "the loss" within the meaning of § 9613(g)(1). Defendants argue that the loss is injury to the natural resource and thus Plaintiffs' claim accrued upon discovery of injury to the Park from the dumping of hazardous substances. Plaintiffs counter that the loss is "the lost use of the Park while it was closed for cleanup of hazardous substances," that the Park was closed on May 5, 2014 "to investigate dumping" and the results of testing of soil samples taken on May 8 and 9, 2014 "revealed hazardous substances, necessitating that the Park remain closed for cleanup of those hazardous substances." Report at 17 (quoting Plaintiffs' Memorandum at 11, DE [273]); *see also* Compl. ¶¶ 87-88.

The Special Master noted that the "loss" claimed by Plaintiffs is the "lost use of the Park

6

during the time it was closed."[7] Report at 18 (quoting Compl. ¶¶ 7, 230). He found that CERCLA imposes liability for "injury to, destruction of, or loss of natural resources," 42 U.S.C. § 9607(a)(4)(C), and that "injury to" and "loss of" natural resources are separate losses. As the statute does not define "loss," he applied the word's ordinary meaning and utilizing a dictionary definition, found that the triggering "loss" for statute of limitations purposes should not be "the date Plaintiffs discovered that some 'injury' had been caused to the Park" as a result of the alleged disposal, but rather "the date Plaintiffs discovered that such disposal caused the introduction of hazardous substances to the Park at levels precluding its safe utilization for public recreation." Report at 19. Defendants object to this standard as overly restrictive and contrary to the recommendation that constructive knowledge can trigger the statute of limitations, arguing that requiring discovery of contamination "at levels precluding" the Park's use constitutes actual, not constructive, knowledge of the loss.

Read in isolation, Defendants' objection has merit; read in conjunction with the remainder of this section of the Report, however, it is clear that the Special Master did not intend to impose a requirement of actual knowledge of a specific contamination level. For example, he specifically rejected Plaintiffs' arguments (1) that a "loss" required closure of the Park for remediation and (2) that a "scientific report" was required to support discovery of the loss. Report at 20, n.12.

Proper determination of an accrual date for the statute of limitations implicates both

---

[7] As the Special Master observed, the Complaint is unclear as to "whether the alleged loss was due to a finding by a government official that the Park was too contaminated to be open prior to a cleanup, or a finding that the cleanup activities themselves precluded public use of the Park during the cleanup, or due to both findings." Report at 18, n.9.

"discovery of the loss and its connection with the release [of hazardous substances] in question. 42 U.S.C. § 9613(g)(1)(A). A complete closure of a facility would seem to constitute a "loss," but clearly a closure alone does not support a "loss of use" claim as a facility could be closed for many reasons unconnected to the release of hazardous substances. Likewise, knowledge that there has been a release does not, by itself, trigger the statute until a loss connected to that release has been discovered. The date the Park closed for remediation cannot be viewed in isolation as triggering the statute of limitations, since, as the Special Master observed. such a rule would allow a plaintiff to "through its own action or inaction – control the accrual date for the running of the limitations period." Report at 20, n.12. Upon *de novo* review of the motions, the Special Master's recommendation is modified to the extent that Plaintiffs' CERCLA claim accrued when they first knew, or with reasonable diligence would have known, of the public's loss of use of the Park and that such loss was connected to the release of the hazardous substances in question.

2. Application of the Statute of Limitations

When addressing the statute of limitations on a motion to dismiss, "dismissal is appropriate only if a complaint clearly shows the claim is out of time." *Harris v. City of New York*, 186 F.3d 243, 250 (2d Cir. 1999). The Complaint was filed on May 4, 2017. Plaintiffs allege that: (1) construction waste containing hazardous substances was dumped at the Park from mid-2013 through spring 2014, Compl., ¶ 1; (2) construction waste from New York City "typically contains hazardous materials," *id.* ¶62; (3) in April 2014, the Suffolk County District Attorney's Office "commenced a criminal investigation into the unlawful dumping of construction waste at the Park, *id.* ¶ 86; and (4) the Park closed on May 5, 2014 "for investigation, testing, and removal of the construction waste and restoration of the Park," *id.* ¶1 (*see also id.* ¶ 87 ("[o]n May 5, 2014, the Park was closed to investigate the unlawful

dumping")). As the Complaint alleges on several occasions that the Park was closed on May 5, 2014, it cannot be determined from those allegations that filing of the complaint was untimely.

Defendants attempt to introduce two documents in support of their motions to dismiss: a Newsday article dated April 22, 2014 (the "Newsday article") and a screen shot from the Town of Islip website dated April 24, 2014 (the "Town website"). The Special Master recommended that the Court decline to take judicial notice of these materials, and Defendants object to this recommendation. Upon *de novo* review, it is unnecessary to make a determination of whether judicial notice of the documents should be taken, as even were the Court to consider these materials, they are insufficient to compel the determination that the filing of the complaint was untimely. The Newsday article mentions DEC "involvement" without any meaningful elaboration, and the Town website announces only that the Park had been "temporarily closed."

3. Referral for Limited Discovery

The Special Master ultimately recommended denial of the motions to dismiss on statute of limitations grounds because the date Plaintiffs knew, or with reasonable diligence would have known, of the loss "requires fact-based elucidation and should not be resolved on the motions to dismiss before the Court." Report at 22. While determination of an accrual date in this case requires examination of facts not currently presented, resolution of the issue is paramount as it may determine the extent of this Court's jurisdiction over the case.[8] For judicial efficiency and to prevent unnecessary litigation, it is appropriate to conduct discovery limited solely to development of facts necessary to decide whether the CERCLA claim was timely filed, including

---

[8] The CERCLA claim is the basis for federal question jurisdiction. If that claim is found to be time-barred, the Court will, in all likelihood, decline to exercise supplemental jurisdiction over the remaining state law claims.

*inter alia,* the dates of closure of the Park, the reasons for such closure(s), and the timing and extent of the State's awareness or knowledge of the release of hazardous substances at the site and of the effect of that release on the use of the Park. This discovery shall be completed by **October 21, 2019.** Any disputes regarding the conduct of this discovery must be raised promptly before Magistrate Judge Lindsay. *See* Individual Rule 5D.

Pursuant to Rule 12(d), that portion of Defendants' motion regarding whether the CERCLA claim is barred by the statute of limitations is converted to a summary judgment motion on this issue alone. Defendants may serve supplemental briefs by **November 20, 2019;** Plaintiffs may serve opposition by **December 23, 2019**, and; Defendants' replies shall be served, and the fully briefed summary judgment motion filed, by **January 10, 2020.**

Further decision on the remaining objections to the Report as well as determination of the additional issues raised in Defendants' motions are held in abeyance pending resolution of the statute of limitations issue. Defendants' motion, DE [272], will be terminated for administrative reasons subject to reopening should the case survive the decision on the Rule 56 motion.

**B. Special Master's Fee**

Several of the Defendants object to the fee requested by the Special Master and ask that he be required to submit a formal fee application. That request is granted; the fee application with supporting documentation, including contemporaneous time records, shall be filed by **September 16, 2019**; opposition shall be filed by **October 16, 2019**; reply by **October 30, 2019**.

### III. CONCLUSION

The objections to the Special Master's recommendation regarding application of the statute of limitations to the CERCLA claim are upheld as modified to the extent discussed, and the case is referred to the Magistrate Judge to oversee the limited discovery set forth above.

**SO ORDERED**.

/s/
Sandra J. Feuerstein
United States District Judge

Dated: Central Islip, New York
August 5, 2019