UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x

BASIL SEGGOS, as Commissioner of the New York State
Department of Environmental Conservation and Trustee of
New York State's Natural Resources, and the STATE OF
NEW YORK,

               Plaintiffs,

             - against -

THOMAS DATRE, JR.; CHRISTOPHER GRABE; 5
BROTHERS FARMING CORP.; DAYTREE AT
CORTLAND SQUARE INC.; IEV TRUCKING CORP.;
COD SERVICES CORP.; ALL ISLAND MASONRY &
CONCRETE, INC.; BUILDING DEV CORP.; DIMYON
DEVELOPMENT CORP.; NEW EMPIRE BUILDER
CORP.; CIPRIANO EXCAVATION INC.; TOUCHSTONE
HOMES LLC; SAMS RENT AND CONSTRUCTION;
SAM'S RENT, INC.; NEW YORK MAJOR
CONSTRUCTION INC.; EAST COAST DRILLING NY
INC.; TRITON CONSTRUCTION COMPANY, LLC;
SUKRAM AND SONS LTD.; M & Y DEVELOPERS INC.;
"JOHN DOE"; ATRIA BUILDERS, LLC; WOORI
CONSTRUCTION INC.; PLUS K CONSTRUCTION INC.;
NY FINEST ENTERPRISES INC.; MONACO
CONSTRUCTION CORP.; ALEF CONSTRUCTION INC.;
158 FRANKLIN AVEN. LLC; LUCIANO'S
CONSTRUCTION, INC.; ILE CONSTRUCTION GROUP,
INC.; EAST END MATERIALS INC.; SPARROW
CONSTRUCTION CORP.; CIANO CONCRETE CORP.;
FREEDOM CITY CONTRACTING CORP.; and TOTAL
STRUCTURE SERVICES INC.,

               Defendants.

------------------------------------------------------------- x

Case 2:17-CV-02684-SJF-ARL

**DECLARATION OF ELIZABETH T. GARVEY
IN SUPPORT OF FEE APPLICATION OF THE SPECIAL MASTER**

1

Elizabeth T. Garvey hereby declares under the penalty of perjury as follows:

1. I am the accounting manager for the New York office of Bryan Cave Leighton Paisner LLP ("BCLP"). I have held this position at BCLP and its legacy firms Bryan Cave LLP ("Bryan Cave") and Robinson Silverman Pearce Arohnson and Berman LLP since 1997. The statements below are based on my personal knowledge.

2. I was accounting manager for the New York office of Bryan Cave during the period from December 2017 through March 2018, when J. Kevin Healy, a partner in Bryan Cave, served as special master in this action.

3. I prepared the detailed invoices provided to the Court during that period, as well as the individual summary invoices sent to each of the active parties in this action, with respect to work performed by Mr. Healy and other professionals at Bryan Cave during the period of his service as special master.

4. Attached hereto as Exhibit A is a true and correct copy of a final detailed invoice dated February 20, 2018, which covered the services provided by Mr. Healy and other professionals at Bryan Cave during the months of December 2017 and January 2018. This invoice was prepared pursuant to a series of steps. First, a preliminary draft of the bill (referred to in the firm as a "proforma") showing the contemporaneous time entries and expenses was provided to Mr. Healy for his review. He then made hand-marked edits to the proforma and transmitted it to me for revision, and I made those revisions in a final detailed invoice. Mr. Healy subsequently approved the final detailed invoice and sent it to the Court for its information. The invoiced charges for this period, including fees and expenses, totaled $44,625.22.

5. In accordance with the Order issued by the Court on November 27, 2017 (the "Initial Order"), I also prepared and sent to each of the active parties in this action individual

summary invoices charging them a *pro rata* share of the total charges set forth in the February 20, 2018 invoice provided to the Court, with each party being charged $1,940.23. Those individual invoices were sent to the parties on or about February 20, 2018.

6. A true and correct copy of the proforma showing contemporaneous time entries for work performed on this matter by firm professionals for the billing period covered by the February 20, 2018 invoice, and also showing Mr. Healy's hand-marked edits to the proforma, is attached as Exhibit B. A total of 8.40 hours of professional time, representing $2,913.00 in fees, was written off from the February 20 invoice.[1]

7. Attached hereto as Exhibit C is a true and correct copy of a final detailed invoice dated March 12, 2018, which covered the services provided by Mr. Healy and other professionals at Bryan Cave during the months of February and March, 2018. This invoice was also prepared pursuant to a series of steps. First, I provided Mr. Healy with a draft detailed bill. He then made hand-marked edits to the draft bill and transmitted it to me for revision. Once I made the revisions requested, Mr. Healy approved the final detailed invoice and sent it to the Court for its information. The invoiced charges for this period, including fees and expenses, totaled $130,484.98.

8. In accordance with the Initial Order, I also prepared and sent to each of the active parties in this action individual summary invoices charging them a *pro rata* share of the total charges set forth in the March 12, 2018 invoice provided to the Court, with each party being charged $5,673.26. Those individual invoices were sent to each of the parties on or about March 12, 2018.

---

[1] The February proforma had incorrectly applied a rate of $665 per hour for Mr. Healy's time. *See* Exhibit B at 6. This error was corrected prior to transmittal of the February 20, 2018 invoice. The $2,913 write-off indicated above is calculated based upon the corrected rate of $664 for Mr. Healy's time.

3

9. A true and correct copy of the draft bill initially provided to Mr. Healy for the March detailed invoice, along with the supporting proforma, is attached hereto as Exhibit D. As can be seen from Mr. Healy's hand-marked edits to the draft bill, 16.30 hours of professional time, representing $5,595.00 in fees was written off from the March 12 invoice.

10. For the Court's convenience, I am attaching as Exhibit E a table I printed out on September 12, 2019, entitled "Billed and Unbilled Recap of Time Detail," which sets forth: (i) the date of each time entry on the matter; (ii) the billing professional making the entry; (iii) the work performed; (iv) the fee attributable to such work; (iv) the time actually billed; and (v) the fee actually charged with respect to such time. As indicated by comparing the "work" totals against the "bill" totals at the end of the table, a total of 24.70 hours, and $8,508.00 in fees were written off (*i.e.*, not billed) in this matter. The amount of the write-off does not account for the additional 20 percent discount from the firm's customary commercial rate that was provided at the outset of the matter.

11. I am also attaching as Exhibit F another table I printed out on September 12, 2019, entitled "Billed and Unbilled Recap of Cost Detail," which provides the same sort of information with respect to costs and expenses. As indicated in that table, expenses charged under the proformas would have amounted to $3,994.90, but with write-offs the expenses actually billed totaled $804.90.

12. Finally, I am attaching as Exhibit G, a table showing the status of the parties' payments in this matter. As indicated in that table, three parties – Triton Construction Company, the State of New York and Basil Seggos – have paid their *pro rata* share in full. Four other parties – Atria Builders, LLC, COD Services Corp., East Coast Drilling NY Inc. and

4

Sparrow Services Corp. – paid the February 20 invoice, but not the March 12 invoice. No other amounts have been paid to date.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in New York, New York on September 12, 2019

*/s/ Elizabeth T. Garvey*
Elizabeth T. Garvey