

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES　　　　　　　　　　　　　　　　　　　　　　　DIVISION OF SOCIAL JUSTICE
ATTORNEY GENERAL　　　　　　　　　　　　　　　　　　　ENVIRONMENTAL PROTECTION BUREAU

October 1, 2020

**VIA ECF**
Honorable Sandra J. Feuerstein
United States District Judge
Eastern District of New York
1014 Federal Plaza
Central Islip, New York 11722

Re:　*Seggos et al. v. Datre et al.*, No. 2:17-cv-02684-SJF-ARL

Dear Judge Feuerstein:

　　We represent plaintiffs Basil Seggos, as Commissioner of the New York State Department of Environmental Conservation ("DEC") and Trustee of New York State's Natural Resources, and the State of New York (together, the "State"), in the above-referenced action. I write on behalf of the State to request that the Court enter the attached consent decree between the State and defendant COD Services Corp. ("COD"). This consent decree is part of a joint settlement agreement that would resolve the State's claims against COD in this case and claims asserted by the Town of Islip (the "Town") against COD in a related case. *See Town of Islip v. Datre et al.*, No. 2:16-cv-02156-MKB-LB (the "Town case"). The settlement with COD in the Town case is contingent on the Court's approval of the settlement with COD in this case. *See* Consent Decree ¶¶ 17-18.

　　This is an action for natural resource damages in connection with the nearly three-year closure of Roberto Clemente Park (the "Park") in the hamlet of Brentwood in the Town of Islip, Long Island to clean up hazardous substances contained in construction waste that had been illegally dumped there. Complaint, ECF No. 1. Testing at the Park showed the presence of semi-volatile organic compounds, metals, and pesticides, all hazardous substances found in construction waste in the New York City metropolitan area. *Id.* ¶¶ 63, 88. The Town cleaned up the contamination with oversight by DEC. *Id.* ¶¶ 96-98.

　　The State brought this action pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. §§ 9601-9675 ("CERCLA"),

and common law to recover natural resource damages, including the value of the public's lost use of the Park during the time that it was closed for cleanup. Complaint ¶¶ 2, 230, 234, 238. As required by CERCLA, any natural resource damages recovered by the State must be used "only to restore, replace, or acquire the equivalent of such natural resources by the State." 42 U.S.C. § 9607(f)(1). In the Town case, the Town seeks to recover the costs of its cleanup.

The proposed consent decree would resolve this case against COD, which acted as a broker between construction contractors that generated construction waste and haulers who brought the waste to the Park where they dumped it. Complaint ¶¶ 14, 80; 130-31, 146-48, 157-59, 165-67, 173-75, 183-85, 216-17. The consent decree requires COD to pay the total amount of $40,000 to the State and Town jointly—$20,000 of which is for the State's natural resource damages and $20,000 of which is for the Town's cleanup costs. Consent Decree ¶ 9. The settlement amount is based upon COD's inability to pay more to resolve the claims against it, as confirmed by the State based on financial information submitted by COD. The State also retains the right to reopen the case if contaminants previously unknown to the State are discovered to have been dumped at the Park. *Id.* ¶ 20.

**Standard of Review**

CERCLA authorizes judicial approval of consent decrees entered into between states and private parties. *See* 42 U.S.C. § 9613(f); *New York v. Solvent Chem. Co.*, 453 F. App'x 42, 45 (2d Cir. 2011); *City of Bangor v. Citizens Communications Co.*, 532 F.3d 70, 90 (1st Cir. 2008). Courts reviewing CERCLA settlements "have recognized that the usual federal policy favoring settlements is even stronger in the CERCLA context." *B.F. Goodrich Co. v. Betkoski*, 99 F.3d 505, 527 (2d Cir. 1996). A court reviewing a CERCLA settlement should not substitute its judgment for that of the parties. *United States v. Akzo Coatings of America, Inc.*, 949 F.2d 1409, 1435 (6th Cir. 1991); *55 Motor Ave. Co. v. Liberty Indus. Finishing Corp.*, 332 F. Supp. 2d 525, 530 (E.D.N.Y. 2004). Instead, a court must ascertain whether the settlement is fair, reasonable, and consistent with the purposes of CERCLA. *In re Cuyahoga Equipment Corp.*, 980 F.2d 110, 118-19 (2d Cir. 1992); *Arizona v. City of Tucson*, 761 F.3d 1005, 1011-12 (9th Cir. 2014); *City of Bangor*, 532 F.3d at 86; *United States v. Cannons Engineering Corp.*, 899 F.2d 79, 85 (1st Cir. 1990); *New York v. Pneumo Abex LLC*, No. 07-CV-794S, 2008 U.S. Dist. Lexis 16135, at *2 (W.D.N.Y. Mar. 3, 2008); *55 Motor Ave. Co.*, 332 F. Supp. 2d at 529-30.

Fairness refers both to the procedure through which the parties agreed to a consent decree and to the substance of the terms in a decree. "To measure procedural fairness, a court should ordinarily look to the negotiation process and attempt to gauge its candor, openness, and bargaining balance." *Pneumo Abex*, 2008 U.S. Dist. Lexis 16135, at *4 (quoting *Cannons*, 899 F.2d at 86). A settlement decree is substantively fair where it is based on a party's limited ability to pay, even if the party allegedly bears a greater amount of liability. *See, e.g., United States v. Coeur D'Alenes Co.*, No. 2:11-cv-633-EJL, 2012 U.S. Dist. Lexis 191602, at *10-11 (D. Idaho Nov. 28, 2012), *aff'd*, 767 F.3d 873, 875-76 (9th Cir. 2014) (collecting cases). A settlement is

reasonable if it reflects the strength of the parties' litigation positions and risk of loss and if it adequately compensates the public.  *Coeur D'Alenes Co.*, 2012 U.S. Dist. Lexis 191602, at *22-23; *City of Bangor*, 532 F.3d at 86.  A consent decree is consistent with CERCLA where it holds responsible parties accountable and promotes the timely cleanup of the environment and settlement over protracted litigation.  *Cannons*, 899 F.2d at 90-91; *Coeur D'Alenes Co.*, 2012 U.S. Dist. Lexis 191602, at *24; *New York v. City of Johnstown*, No. 87-CV-636, No. 87-CV-637, 1998 U.S. Dist. Lexis 5037, at *14 (N.D.N.Y. Apr. 2, 1998).

### The Court Should So-Order the Parties' Consent Decree

The State submits that the proposed consent decree satisfies these standards.  The decree is procedurally fair because the State and COD—as well as the Town—are all represented by sophisticated counsel who engaged in a good-faith, arm's length negotiation.  *See Cannons*, 899 F.2d at 87.  The decree is substantively fair because it requires COD to pay an amount consistent with its financial resources.  *Coeur D'Alenes Co.*, 767 F.3d at 875-76.  The settlement is reasonable because it saves the costs and risks of litigation and because the settlement "is the best deal the Government could obtain under the circumstances." *Coeur D'Alenes Co.*, 2012 U.S. Dist. Lexis 191602, at *23.  The State will also continue to pursue its claims against the numerous defendants remaining in this case.  The decree also furthers CERCLA's goals of allowing the parties to avoid further litigation and imposing liability on an allegedly responsible party.

### Conclusion

The State respectfully requests that the Court enter the attached consent decree for the reasons set forth above.  Upon entry of the consent decree, the Court will retain jurisdiction to enforce its terms.  *See* Consent Decree ¶ 16.

    Respectfully submitted,

    /s/ Matthew J. Sinkman

    Assistant Attorney General