# Exhibit A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X
BASIL SEGGOS, as Commissioner of the New York State
Department of Environmental Conservation and Trustee of New
York State's Natural Resources, and the STATE OF NEW YORK,

                    Plaintiffs,

    -against-

THOMAS DATRE, JR.; CHRISTOPHER GRABE; 5 BROTHERS
FARMING CORP.; DAYTREE AT CORTLAND SQUARE INC.;
IEV TRUCKING CORP.; COD SERVICES CORP.; ALL ISLAND
MASONRY & CONCRETE, INC.; BUILDING DEV CORP.;
DIMYON DEVELOPMENT CORP.; NEW EMPIRE BUILDER
CORP.; CIPRIANO EXCAVATION INC.; TOUCHSTONE
HOMES LLC; SAMS RENT AND CONSTRUCTION; SAM'S
RENT, INC.; NEW YORK MAJOR CONSTRUCTION INC.;
EAST COAST DRILLING NY INC.; TRITON CONSTRUCTION
COMPANY, LLC; SUKRAM AND SONS LTD.; M & Y
DEVELOPERS, INC.; "JOHN DOE"; ATRIA BUILDERS, LLC;
WOORI CONSTRUCTION INC.; PLUS K CONSTRUCTION
INC.; NY FINEST ENTERPRISES INC.; MONACO
CONSTRUCTION CORP.; ALEF CONSTRUCTION INC.; 158
FRANKLIN AVE. LLC; LUCIANO'S CONSTRUCTION, INC.;
ILE CONSTRUCTION GROUP, INC.; EAST END MATERIALS,
INC.; SPARROW CONSTRUCTION CORP.; CIANO
CONCRETE CORP.; FREEDOM CITY CONTRACTING CORP.;
and TOTAL STRUCTURE SERVICES INC.,

                    Defendants.
------------------------------------------------------------------------------X

Civil Action No.:
2:17-CV-2684
(MKB/LB)

**FIRST SUPPLEMENTAL
CONSENT DECREE**

      Plaintiffs Basil Seggos ("Seggos"), as Commissioner of the New York State Department of Environmental Conservation ("DEC") and Trustee of New York State's Natural Resources, and the State of New York (Seggos and the State of New York, together, the "State"), agree as follows with the following parties:

- Atria Builders, LLC ("Atria");

- Monaco Construction Corp.; Alef Construction Inc.; and 158 Franklin Ave. LLC (collectively, the "158 Franklin Ave. Defendants); and

- Triton Construction Company, LLC ("Triton")

(Atria, the 158 Franklin Ave. Defendants, and Triton collectively, "Settling Defendants"):

**WHEREAS,** on May 4, 2017, the State commenced this action pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA") and New York common law, seeking damages for injury to, destruction of, and loss of New York's natural resources ("natural resource damages") caused by the alleged release of hazardous substances at Roberto Clemente Park in Brentwood, Long Island, New York (the "Park");

**WHEREAS,** the State alleged in its complaint that Settling Defendants, among others, are liable to the State for natural resource damages at the Park, pursuant to CERCLA §§ 107(a)(3) and 113(g)(1), 42 U.S.C. §§ 9607(a)(3), 9613(g)(1), and that Settling Defendants are also liable to the State for common law negligence and for a public nuisance under the common law and Real Property Actions and Proceedings Law ("RPAPL") § 841;

**WHEREAS,** during the pendency of this lawsuit, and without any admission of liability, the State and Settling Defendants engaged in settlement discussions regarding the State's claims;

**WHEREAS,** the State and Settling Defendants (each a "Party" and together, the "Parties") desire to enter into this Consent Decree to fully and finally resolve all claims that have been and could now or hereafter be asserted by the Parties with respect to the Matters Addressed, as defined below, without the necessity or further expense of prolonged and complex litigation, and without admission of liability, adjudication, or determination of any issue of fact or law;

2

**WHEREAS,** the State has determined that settlement of its claims against Settling Defendants in accordance with the terms set forth below is practicable and in the best interest of the public;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED BY AND BETWEEN THE UNDERSIGNED AS FOLLOWS:**

### PURPOSE AND SCOPE OF THIS CONSENT DECREE

1. The purpose of this Consent Decree is to resolve claims set forth in the State's complaint and any other claims which could have been made by the State against Settling Defendants with regard to the Matters Addressed, defined in paragraph 2 below; to release Settling Defendants from liability for the Matters Addressed; and to provide full and complete contribution protection to Settling Defendants with regard to the Matters Addressed, pursuant to CERCLA § 113(f)(2), 42 U.S.C. § 9613(f)(2).

2. "Matters Addressed," as that term is used in this Consent Decree, means the State's claims for damages and costs which were asserted in its complaint.

### JURISDICTION

3. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 9613(b). Settling Defendants hereby waive all objections and defenses they may have to the jurisdiction of the Court or to venue in this District. The Court shall have continuing jurisdiction to enforce the terms of this Consent Decree and to resolve any disputes that may arise hereunder.

### PARTIES BOUND

4. As of its effective date, this Consent Decree shall apply to, and be binding upon, the State, including its departments, agencies, and instrumentalities, and shall apply to and be

binding upon Settling Defendants and their respective agents, successors, representatives, insurers, affiliates and assigns. Each signatory represents that he or she is fully and legally authorized to enter into the terms and conditions of this Consent Decree and to bind the party on whose behalf he or she signs.

## DEFINITIONS

5. Unless otherwise expressly defined herein, terms used in this Consent Decree that are defined in CERCLA or in regulations promulgated under CERCLA shall have the meaning assigned to them in CERCLA or in such regulations.

## DISCLAIMER OF ADMISSIONS AND DENIALS

6. Nothing in this Consent Decree shall constitute, or be construed as an admission or adjudication of liability on any issue of law or fact.

7. Nothing in this Consent Decree shall constitute evidence that natural resource damages are divisible or can be apportioned among any defendants in this action.

8. Settling Defendants are entering into this Consent Decree as a compromise of disputed claims and in doing so do not admit any liability, wrongdoing, or fault under any of the claims alleged against them in the complaint.

## PAYMENT OF NATURAL RESOURCE DAMAGES

9. Atria shall pay the total amount of $90,000 to the State as follows: (1) an initial payment of $20,000 within 30 days of the effective date of this decree as defined below; (2) a payment of $23,334 within 170 days thereafter; (3) a payment of $23,333 within 170 days thereafter; and (4) a final payment of $23,333 within 170 days thereafter.

10. The 158 Franklin Ave. Defendants shall pay the total amount of $58,439 to the State as follows: (1) $14,610 within 30 days after the effective date of this decree as defined below;

(2) a payment of $14,610 within 4 months thereafter; (3) a payment of $14,610 within 4 months thereafter; and (4) a final payment of $14,609 within 4 months thereafter.

11. Triton shall pay the total amount of $108,505.00 to the State within thirty (30) days of the effective date of this decree, as defined below.

12. The payments set forth above shall be made according to wire instructions to be provided by the State.

13. At the time payment is remitted, each Settling Defendant shall provide written electronic notice of the remittance in accordance with paragraph 23 below.  Failure to make the payments required in paragraphs 9, 10, and 11 in the time periods specified therein shall constitute a default under this decree by the Party that fails to make the required payment, but not by the other Settling Defendant(s).  In the event of such default, the State shall send written notice of the default to the defaulting Settling Defendant(s).  Such notice shall be sent via certified mail and electronic mail to the Settling Defendant(s) in default at the addresses noted below.  The Settling Defendant(s) in default shall have thirty (30) days from the date of mailing to cure the default by payment of the amount originally due.  If the Settling Defendant(s) in default fail(s) to cure the default within that thirty (30) day period, the State shall be entitled (but not required) to demand the following: (1) interest of 12% per annum on the amount in default running from the original date of default; and (2) civil penalties in the amount of $100/day running from the original date of default.  The defaulting Settling Defendant(s) shall pay attorneys' fees and costs incurred by the State after the thirty (30) day period for curing the default to enforce those provisions.

14. The payment terms under this Consent Decree represent a fair and reasonable contribution by Settling Defendants toward the alleged natural resource damages at the Park.  The Parties agree, and this Court by entering this Consent Decree finds, that this Consent Decree has

5

been negotiated in good faith, that settlement of this matter will avoid prolonged and complicated litigation, and that this Consent Decree is fair, reasonable, and in the public interest.

## COVENANTS NOT TO SUE AND RELEASE

15. **Covenant Not to Sue and Release of Settling Defendants by the State.** Provided that a Settling Defendant complies with all terms of this Consent Decree, and subject to the reopener in paragraph 22 of this Consent Decree, the State releases and covenants not to sue, execute judgment, or take any civil, judicial, or administrative action under any federal, state, local, or common law (other than enforcement of this Consent Decree) against that Settling Defendant or its former, current and future assigns, agents, officers, directors, employees, attorneys, representatives, predecessors, successors, parent companies, subsidiaries, divisions, operating units, and affiliates for any matter arising out of or relating to the Matters Addressed in this Consent Decree including, without limitation, any claims or causes of action for natural resource or other damages, response costs, enforcement costs, interest, indemnification, contribution, or attorneys' fees.

16. **Covenant Not to Sue and Release of the State by Settling Defendants.** Provided that the State complies with all of the terms of this Consent Decree, Settling Defendants release and covenant not to sue, execute judgment, or take any civil, judicial, or administrative action under any federal, state, local, or common law (other than enforcement of this Consent Decree) against the State, or its employees, departments, agencies, or instrumentalities, or to seek against the State any damages, contribution, or attorneys' fees arising out of or relating to any of the Matters Addressed in this Consent Decree; provided, however, that if the State, pursuant to the reopener, asserts a claim or commences or continues a cause of action against any Settling Defendant(s) with respect to the Park, other than to enforce

the obligations contained in this Consent Decree, this paragraph 16 shall not preclude the assertion by such Settling Defendant(s) of any claims, counterclaims, defenses (including, but not limited to the statute of limitations), or other causes of action against the State. Notwithstanding the foregoing, Settling Defendants may assert any claims or causes of action against any person other than the State, to the extent permitted by law, for any damages, contribution, or attorneys' fees arising out of any of the Matters Addressed in this Consent Decree.

## CONTRIBUTION PROTECTION

17. In consideration of Settling Defendants' compliance with this Consent Decree, the Parties agree that Settling Defendants are entitled, as of the effective date of this Consent Decree, to the full extent of protection from contribution actions, claims or cross-claims as provided by CERCLA § 113(f)(2), 42 U.S.C. § 9613(f)(2), the Uniform Comparative Fault Act, and any other applicable provision of federal or state law, whether by statute or common law, extinguishing the potential liability of Settling Defendants to persons not party to this Consent Decree for the Matters Addressed. As provided under CERCLA § 113(f), 42 U.S.C. § 9613(f) and New York General Obligations Law § 15-108, and to the extent authorized under any other applicable law, as of the effective date, Settling Defendants shall be deemed to have resolved their liability to the State under applicable law including, without limitation, CERCLA, the New York State Environmental Conservation Law, RPAPL § 841, and common law, for purposes of contribution protection and with respect to the Matters Addressed pursuant to and in accordance with this Consent Decree.

18. Any rights Settling Defendants may have to obtain contribution or otherwise recover costs or damages from persons not party to this Consent Decree are preserved. In

7

addition, all claims and defenses of Settling Defendants with respect to all persons other than the State are expressly reserved.

## DISMISSAL OF THE STATE'S CLAIMS AND RETENTION OF JURISDICTION

19.     All claims asserted by the State in its complaint against Settling Defendants are hereby dismissed with prejudice.

20.     For purposes of entry and enforcement of this Consent Decree, the parties to this Consent Decree agree that the Court has jurisdiction in this matter and shall retain jurisdiction until Settling Defendants have fulfilled their obligations hereunder.

## EFFECT ON LIABILITY OF OTHER PARTIES

21.     Nothing in this Consent Decree is intended as a release of, or covenant not to sue with respect to, any person or entity other than Settling Defendants or their respective agents, successors, representatives, insurers, assigns, agents, officers, directors, employees, attorneys, representatives, predecessors, successors, parent companies, subsidiaries, divisions, operating units, and affiliates, and the State expressly reserves its rights to assert in a judicial or administrative forum any claim or cause of action, past or future, in law or in equity, that the State may have against any other person, firm, corporation, or other entity.

## REOPENER

22.     Notwithstanding any other provision of this decree and any release, discharge, or covenant not to sue that Settling Defendants may receive from the State, the State reserves, and this decree is without prejudice to, the right of the State to institute proceedings seeking to compel any Settling Defendant to reimburse the State for additional natural resource damages relating to dumping at the Park for which that Settling Defendant is liable, but only if, after the effective date, contaminants previously unknown to the State, and which were not discovered by the State within

8

the meaning of 42 U.S.C. § 9613(g)(1)(A) before the effective date, are discovered to have been dumped at the Park and from which additional natural resource damages have been incurred beyond those asserted in the complaint. This paragraph shall not serve to toll or otherwise affect any other defense, including the statute of limitations, to which a Settling Defendant may otherwise be entitled with respect to any reserved potential claims.

## NOTIFICATIONS

23.     Any notification to the State and Settling Defendants shall be in writing or electronic mail and shall be deemed properly given if sent to the following (or to such other addresses as the parties may specify):

**As to Atria :**
Elizabeth Knauer
Sive, Paget & Riesel P.C.
560 Lexington Avenue
New York, New York 10022
(646) 378-7272
eknauer@sprlaw.com

**As to Monaco Construction Corp.**
James J. Periconi
Periconi, LLC
260 Madison Avenue, 8th Floor
New York, New York 10016
(212) 213-5500
jpericoni@periconi.com

**As to Alef Construction Inc. and 158 Franklin Ave. LLC**
Israel Kamionka
4111 18th Avenue
Brooklyn, New York 11218
(917) 776-4998
mordycg@yahoo.com

**As to Triton:**
David Westermann, Jr.
Westermann Sheehy Keenan Samaan & Aydelott, LLP
The Omni Building, Suite 702
333 Earle Ovington Blvd.

Uniondale, New York 11553
(516) 794-7500
davidwestermann@westerlaw.com

**As to the State:**
Matthew J. Sinkman
New York State Department of Law
Environmental Protection Bureau
28 Liberty Street, 19th Floor
New York, New York, 10005
(212) 416-8446
Matthew.Sinkman@ag.ny.gov

and

Andrew Guglielmi
Office of the General Counsel
New York State Department of Environmental Conservation
625 Broadway
Albany, New York 12207
(518) 402-9188
Andrew.Guglielmi@dec.ny.gov

Notification of the payment of natural resource damages made pursuant to paragraphs 9, 10, and 11 above shall also be sent via electronic mail by the State to:

Karen Diligent
Cost Recovery Section, Bureau of Program Management
Division of Environmental Remediation
New York State Department of Environmental Conservation
625 Broadway, 12th Floor
Albany, New York 12233
(518) 402-9764
Karen.Diligent@dec.ny.gov

## **COMPLETE AGREEMENT/SIGNATURES**

24. This Consent Decree constitutes the complete agreement of the parties. This Consent Decree may not be amended, modified, supplemented, or otherwise changed without approval of this Court and the written consent of both the State and Settling Defendant. This Consent Decree may be signed in counterparts.

## EFFECTIVE DATE

25. This Consent Decree shall become effective on the date that it is entered by the Court. All times for performance of activities under this decree shall be calculated from that date.

**AGREED TO BY**:

Dated: New York, New York
      March 10, 2021

BASIL SEGGOS, as COMMISSIONER OF THE NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION and TRUSTEE OF NEW YORK STATE'S NATURAL RESOURCES, and the STATE OF NEW YORK

By: /s/ Matthew J. Sinkman
Name: Matthew J. Sinkman
Title: Assistant Attorney General

Dated: _____, New York
      March __, 2021

ATRIA BUILDERS, LLC

By: _____
Name: _____
Title: _____

Dated: _____, New York
      March __, 2021

ALEF CONSTRUCTION INC.

By: _____
Name: Israel Kamionka
Title: President

Dated: _____, New York
      March __, 2021

158 FRANKLIN AVE. LLC

By: _____
Name: Israel Kamionka
Title: Managing Agent

Dated: Brooklyn, New York
      March 8, 2021

TRITON CONSTRUCTION COMPANY, LLC

By: _____
Name: _____
Title: _____

Dated: Brooklyn, New York
      March 8, 2021

MONACO CONSTRUCTION CORP.

By: _____
Name: _____
Title: _____

**SO ORDERED:**

_____
SANDRA J. FEUERSTEIN, U.S.D.J.

## EFFECTIVE DATE

25.     This Consent Decree shall become effective on the date that it is entered by the Court. All times for performance of activities under this decree shall be calculated from that date.

**AGREED TO BY**:

Dated: New York, New York
    March 10, 2021

Dated: Flushing, New York
    March 8, 2021

BASIL SEGGOS, as COMMISSIONER OF THE NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION and TRUSTEE OF NEW YORK STATE'S NATURAL RESOURCES, and the STATE OF NEW YORK

ATRIA BUILDERS, LLC

By: _Edward M. Grunwald_
Name:
Title: SVP

By: /s/ Matthew J. Sinkman
Name: Matthew J. Sinkman
Title: Assistant Attorney General

Dated: _____, New York
    March __, 2021

Dated: _____, New York
    March __, 2021

ALEF CONSTRUCTION INC.

158 FRANKLIN AVE. LLC

By: _____
Name: _____
Title: _____

By: _____
Name: _____
Title: _____

Dated: _____, New York
    March __, 2021

Dated: _____, New York
    March __, 2021

TRITON CONSTRUCTION COMPANY, LLC

MONACO CONSTRUCTION CORP.

By: _____
Name: _____
Title: _____

By: _____
Name: _____
Title: _____

**SO ORDERED:**

_____
SANDRA J. FEUERSTEIN, U.S.D.J.

## EFFECTIVE DATE

25. This Consent Decree shall become effective on the date that it is entered by the Court. All times for performance of activities under this decree shall be calculated from that date.

**AGREED TO BY**:

Dated: New York, New York
March 23, 2021

BASIL SEGGOS, as COMMISSIONER OF THE NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION and TRUSTEE OF NEW YORK STATE'S NATURAL RESOURCES, and the STATE OF NEW YORK

By: /s/ Matthew J. Sinkman
Name: Matthew J. Sinkman
Title: Assistant Attorney General

Dated: _____, New York
March __, 2021

ATRIA BUILDERS, LLC

By: _____
Name: _____
Title: _____

Dated: _____, New York
March __, 2021

ALEF CONSTRUCTION INC.

By: _____
Name: _____
Title: _____

Dated: _____, New York
March __, 2021

158 FRANKLIN AVE. LLC

By: _____
Name: _____
Title: _____

Dated: _____, New York
March __, 2021

TRITON CONSTRUCTION COMPANY, LLC

By: _____
Name: _____
Title: _____

Dated: Brooklyn, New York
March 22, 2021

MONACO CONSTRUCTION CORP.

By: /s/ Sabatino DelMonaco
Name: SABATINO DELMONACO
Title: O/P-

**SO ORDERED:**

_____
SANDRA J. FEUERSTEIN, U.S.D.J.

11

## EFFECTIVE DATE

25. This Consent Decree shall become effective on the date that it is entered by the Court. All times for performance of activities under this decree shall be calculated from that date.

**AGREED TO BY:**

Dated: New York, New York  
      March 18, 2021

Dated: _____, New York  
      March \_\_, 2021

BASIL SEGGOS, as COMMISSIONER OF THE NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION and TRUSTEE OF NEW YORK STATE'S NATURAL RESOURCES, and the STATE OF NEW YORK

ATRIA BUILDERS, LLC

By: /s/ Matthew J. Sinkman  
Name: Matthew J. Sinkman  
Title: Assistant Attorney General

By: _____  
Name: _____  
Title: _____

Dated: _____, New York  
      March \_\_, 2021

Dated: _____, New York  
      March \_\_, 2021

ALEF CONSTRUCTION INC.

158 FRANKLIN AVE. LLC

By: _____  
Name: _____  
Title: _____

By: _____  
Name: _____  
Title: _____

Dated: East Meadow, New York  
      March 18, 2021

Dated: _____, New York  
      March \_\_, 2021

TRITON CONSTRUCTION COMPANY, LLC

MONACO CONSTRUCTION CORP.

By: [signature]  
Name: Daniel Westorman Jr  
Title: Counsel + Authorized Agent

By: _____  
Name: _____  
Title: _____

**SO ORDERED:**

_____  
SANDRA J. FEUERSTEIN, U.S.D.J.