# Exhibit B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X
BASIL SEGGOS, as Commissioner of the New York State
Department of Environmental Conservation and Trustee of New
York State's Natural Resources, and the STATE OF NEW YORK,

                            Plaintiffs,

          -against-

THOMAS DATRE, JR.; CHRISTOPHER GRABE; 5 BROTHERS
FARMING CORP.; DAYTREE AT CORTLAND SQUARE INC.;
IEV TRUCKING CORP.; COD SERVICES CORP.; ALL ISLAND
MASONRY & CONCRETE, INC.; BUILDING DEV CORP.;
DIMYON DEVELOPMENT CORP.; NEW EMPIRE BUILDER
CORP.; CIPRIANO EXCAVATION INC.; TOUCHSTONE
HOMES LLC; SAMS RENT AND CONSTRUCTION; SAM'S
RENT, INC.; NEW YORK MAJOR CONSTRUCTION INC.;
EAST COAST DRILLING NY INC.; TRITON CONSTRUCTION
COMPANY, LLC; SUKRAM AND SONS LTD.; M & Y
DEVELOPERS, INC.; "JOHN DOE"; ATRIA BUILDERS, LLC;
WOORI CONSTRUCTION INC.; PLUS K CONSTRUCTION
INC.; NY FINEST ENTERPRISES INC.; MONACO
CONSTRUCTION CORP.; ALEF CONSTRUCTION INC.; 158
FRANKLIN AVE. LLC; LUCIANO'S CONSTRUCTION, INC.;
ILE CONSTRUCTION GROUP, INC.; EAST END MATERIALS,
INC.; SPARROW CONSTRUCTION CORP.; CIANO
CONCRETE CORP.; FREEDOM CITY CONTRACTING CORP.;
and TOTAL STRUCTURE SERVICES INC.,

                            Defendants.
-------------------------------------------------------------------------------X

Civil Action No.:
2:17-CV-2684
(MKB/LB)

**SECOND SUPPLEMENTAL
CONSENT DECREE**

       Plaintiffs Basil Seggos ("Seggos"), as Commissioner of the New York State Department

of Environmental Conservation ("DEC") and Trustee of New York State's Natural Resources, and

the State of New York (Seggos and the State of New York, together, the "State"), agree as follows

with defendant, IEV Trucking Corp. ("Settling Defendant"):

1

**This Lawsuit**

**WHEREAS,** on May 4, 2017, the State commenced this action pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA") and New York common law, seeking damages for injury to, destruction of, and loss of New York's natural resources ("natural resource damages") caused by the alleged transportation, arrangement and release of hazardous substances at Roberto Clemente Park in Brentwood, Long Island, New York (the "Park");

**WHEREAS,** the State alleged in its complaint that Settling Defendant, among others, is liable to the State for natural resource damages at the Park, pursuant to CERCLA §§ 107(a)(3) and 113(g)(1), 42 U.S.C. §§ 9607(a)(3), 9613(g)(1), and that Settling Defendant is also liable to the State for common law negligence and for a public nuisance under the common law and Real Property Actions and Proceedings Law ("RPAPL") § 841;

**WHEREAS,** during the pendency of this lawsuit, and without any admission of liability, the State and Settling Defendant engaged in settlement discussions regarding the State's claims for natural resource damages;

**WHEREAS,** the State and Settling Defendant (each a "Party" and together, the "Parties") desire to enter into this Consent Decree to fully and finally resolve all claims that have been and could now or hereafter be asserted by the Parties with respect to the Matters Addressed, as defined below, without the necessity or further expense of prolonged and complex litigation, and without admission of liability, adjudication, or determination of any issue of fact or law;

**WHEREAS,** the State has determined that settlement of its claims against Settling Defendant in accordance with the terms set forth below is practicable and in the best interest of the public;

2

### The Town Lawsuit

**WHEREAS**, the Town of Islip (the "Town") owns the Park;

**WHEREAS**, the Town filed an action in 2016 in this Court entitled *Town of Islip v. Datre et al.*, Case No. 2:16-cv-02156-MKB-LB (the "Town Lawsuit") against a number of defendants, including Settling Defendant;

**WHEREAS**, the Town alleges that, between May 2013 and May 2014, numerous individuals and entities engaged in a course of conduct resulting in the disposal of approximately 38,000 tons of construction and demolition debris, contaminated fill and other solid wastes at the Park;

**WHEREAS**, the Town alleges that it has incurred response costs in excess of $4,000,000.00;

**WHEREAS**, Settling Defendant denies any liability for any of the costs and expenses allegedly incurred by the Town or any other damages it has allegedly suffered or will suffer in the future;

**WHEREAS**, Settling Defendant has reached a settlement with the Town to resolve all claims asserted against Settling Defendant in the Town Lawsuit which is contingent upon the settlement of this lawsuit (the "Town Settlement");

### The Joint Settlement

**WHEREAS**, the Town and the State have consulted with each other regarding the settlement of the lawsuit and the Town Lawsuit and have entered into an agreement to collectively accept the total sum of $300,000.00 from Settling Defendant in settlement of both this lawsuit and the Town Lawsuit;

3

**WHEREAS**, the Town Settlement is subject to the Court's approval and to date has not been approved by the Court.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED BY AND BETWEEN THE UNDERSIGNED AS FOLLOWS:**

### PURPOSE AND SCOPE OF THIS CONSENT DECREE

1.     The purpose of this Consent Decree is to resolve claims set forth in the State's complaint and any other claims which could have been made by the State against Settling Defendant with regard to the Matters Addressed, defined in paragraph 2 below; to release Settling Defendant from liability for the Matters Addressed; and to provide full and complete contribution protection to Settling Defendant with regard to the Matters Addressed, pursuant to CERCLA § 113(f)(2), 42 U.S.C. § 9613(f)(2).

2.     "Matters Addressed," as that term is used in this Consent Decree, means the State's claims for damages and costs which were asserted in its complaint.

### JURISDICTION

3.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 9613(b). Settling Defendant hereby waives all objections and defenses it may have to the jurisdiction of the Court or to venue in this District. The Court shall have continuing jurisdiction to enforce the terms of this Consent Decree and to resolve any disputes that may arise hereunder.

### PARTIES BOUND

4.     This Consent Decree shall apply to, and be binding upon, the State, including its departments, agencies, and instrumentalities, and shall apply to and be binding upon Settling Defendant, and its respective agents, successors, representatives, insurers, and assigns. Each

4

signatory represents that he or she is fully and legally authorized to enter into the terms and conditions of this Consent Decree and to bind the party on whose behalf he or she signs.

## DEFINITIONS

5.      Unless otherwise expressly defined herein, terms used in this Consent Decree that are defined in CERCLA or in regulations promulgated under CERCLA shall have the meaning assigned to them in CERCLA or in such regulations.

## DISCLAIMER OF ADMISSIONS AND DENIALS

6.      Nothing in this Consent Decree shall constitute or be construed as an admission or adjudication of liability on any issue of law or fact.

7.      Nothing in this Consent Decree shall constitute evidence that natural resource damages are divisible or can be apportioned among any defendants in this action.

8.      Settling Defendant is entering into this Consent Decree as a compromise of disputed claims and in doing so does not admit any liability, wrongdoing, or fault under any of the claims alleged against it in the complaint.

## PAYMENT OF NATURAL RESOURCE DAMAGES

9.      Settling Defendant shall pay the total amount of $300,000 ($175,000 of which is for the State's alleged natural resource damages and $125,000 of which is for the Town's costs), to the State and the Town, jointly, as follows: (1) an initial payment of $70,000 within thirty (30) days of the effective date of this decree as defined below; (2) a payment of $57,500 within 180 days thereafter; (3) a payment of $57,500 within 180 days thereafter; (4) a payment of $57,500 within 180 days thereafter; and (5) a payment of $57,500 within 180 days thereafter.

10.     Payment shall be made in accordance with joint written instructions from the Town and the State.

5

11.     At the time payment is remitted, Settling Defendant shall provide written electronic notice of the remittance in accordance with paragraph 24 below. Failure to make the payments required in paragraph 9 in the time periods specified therein shall constitute a default under this decree by Settling Defendant. In the event of such default, the State shall send written notice of the default to Settling Defendant. Such notice shall be sent via certified mail and electronic mail to Settling Defendant at the address noted below. Settling Defendant shall have thirty (30) days from the date of mailing to cure the default by payment of the amount originally due. If Settling Defendant fails to cure the default within that thirty (30) day period, the State shall be entitled (but not required) to demand the following: (1) interest of 12% per annum on the amount in default running from the original date of default; and (2) civil penalties in the amount of $100/day running from the original date of default. Settling Defendant shall pay attorneys' fees and costs incurred by the State after the thirty (30) day period for curing the default to enforce those provisions.

12.     The payment terms under this Consent Decree represent a fair and reasonable contribution by Settling Defendant toward the alleged natural resource damages at the Park. The Parties agree, and this Court by entering this Consent Decree finds, that this Consent Decree has been negotiated in good faith, that settlement of this matter will avoid prolonged and complicated litigation, and that this Consent Decree is fair, reasonable, and in the public interest.

## COVENANTS NOT TO SUE AND RELEASE

13.     **Covenant Not to Sue and Release of Settling Defendant by the State.** For so long as Settling Defendant complies with all terms of this Consent Decree, and subject to the reopener in paragraph 23 of this Consent Decree, the State releases and covenants not to sue, execute judgment, or take any civil, judicial, or administrative action under any federal, state,

6

local, or common law (other than enforcement of this Consent Decree) against Settling Defendant or its former, current, and future assigns, agents, officers, directors, employees, attorneys, representatives, predecessors, successors, parent companies, subsidiaries, divisions, operating units, and affiliates for any matter arising out of or relating to the Matters Addressed in this Consent Decree including, without limitation, any claims or causes of action for natural resource damages, enforcement costs, interest, indemnification, contribution, or attorneys' fees.

14.    **Covenant Not to Sue and Release of the State by Settling Defendant**. For so long as the State complies with all of the terms of this Consent Decree, Settling Defendant releases and covenants not to sue, execute judgment, or take any civil, judicial, or administrative action under any federal, state, local, or common law (other than enforcement of this Consent Decree) against the State, or its employees, departments, agencies, or instrumentalities, or to seek against the State any damages, contribution, or attorneys' fees arising out of or relating to any of the Matters Addressed in this Consent Decree; provided, however, that if the State, pursuant to the reopener, asserts a claim or commences or continues a cause of action against Settling Defendant with respect to the Site, other than to enforce the obligations contained in this Consent Decree, this paragraph 14 shall not preclude the assertion by Settling Defendant of any claims, counterclaims, defenses (including, but not limited to the statute of limitations), or other causes of action against the State. Notwithstanding the foregoing, Settling Defendant may assert any claims or causes of action against any person other than the State, to the extent permitted by law, for any damages, contribution, or attorneys' fees arising out of any of the Matters Addressed in this Consent Decree.

7

## CONTRIBUTION PROTECTION

15.      In consideration of Settling Defendant's compliance with this Consent Decree, the Parties agree that Settling Defendant is entitled, as of the effective date of this Consent Decree, to the full extent of protection from contribution actions, claims or cross-claims as provided by CERCLA § 113(f)(2), 42 U.S.C. § 9613(f)(2), the Uniform Comparative Fault Act, and any other applicable provision of federal or state law, whether by statute or common law, extinguishing the potential liability of Settling Defendant to persons not party to this Consent Decree for the Matters Addressed. As provided under CERCLA § 113(f), 42 U.S.C. § 9613(f) and New York General Obligations Law § 15-108, and to the extent authorized under any other applicable law, Settling Defendant shall be deemed to have resolved its liability to the State under applicable law including, without limitation, CERCLA, the New York State Environmental Conservation Law, RPAPL § 841, and common law, for purposes of contribution protection and with respect to the Matters Addressed pursuant to and in accordance with this Consent Decree.

16.      Any rights Settling Defendant may have to obtain contribution or otherwise recover costs or damages from persons not party to this Consent Decree are preserved. In addition, all claims and defenses of Settling Defendant with respect to all persons other than the State are expressly reserved.

### DISMISSAL OF THE STATE'S CLAIMS
### AND RETENTION OF JURISDICTION

17.      Upon entry of this Consent Decree by the Court, this Consent Decree shall constitute a final judgment with respect to IEV. The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under Federal Rules of Civil Procedure 54 and 58.

18.     All claims asserted by the State in its complaint against Settling Defendant are hereby dismissed with prejudice.

19.     For purposes of entry and enforcement of this Consent Decree, the parties to this Consent Decree agree that the Court has jurisdiction in this matter and shall retain jurisdiction until Settling Defendant has fulfilled its obligations hereunder.

## SETTLEMENT OF ALL CLAIMS ASSERTED AGAINST SETTLING DEFENDANT IN THE TOWN LAWSUIT

20.     The settlement of this lawsuit including the payment of the Settlement Amount is contingent upon and subject to the Court's approval of the Town Settlement.

21.     In the event that the Court does not approve the Town Settlement, this Consent Decree shall be null and void.

## EFFECT ON LIABILITY OF OTHER PARTIES

22.     Nothing in this Consent Decree is intended as a release of, or covenant not to sue with respect to, any person or entity other than Settling Defendant or its respective agents, successors, representatives, insurers, and assigns, and the State expressly reserves its rights to assert in a judicial or administrative forum any claim or cause of action, past or future, in law or in equity, that the State may have against any other person, firm, corporation, or other entity.

## REOPENER

23.     Notwithstanding any other provision of this decree and any release, discharge, or covenant not to sue that Settling Defendant may receive from the State, the State reserves, and this decree is without prejudice to, the right of the State to institute proceedings seeking to compel Settling Defendant to reimburse the State for additional natural resource damages relating to the Site, but only if, after the effective date, contaminants previously unknown to the State are discovered to have been dumped at the Park.

9

**NOTIFICATIONS**

24.    Any notification to the State and Settling Defendant shall be in writing or electronic

mail and shall be deemed properly given if sent to the following (or to such other addresses as the

parties may specify):

**As to Settling Defendant:**

Michael Cassell, Esq.
Hogan & Cassell, LLP
500 North Broadway, Suite 153
Jericho, New York 11753
mcassell@hogancassell.com


**As to the State:**
Matthew J. Sinkman
Assistant Attorney General
New York State Department of Law
Environmental Protection Bureau
28 Liberty Street, 19th Floor
New York, New York, 10005
(212) 416-8446
Matthew.Sinkman@ag.ny.gov

and

Andrew Guglielmi
Office of the General Counsel
New York State Department of Environmental Conservation
625 Broadway
Albany, New York 12207
(518) 402-9188
Andrew.Guglielmi@dec.ny.gov

10

Notification of the payment of natural resource damages made pursuant to paragraph 9 above shall also be sent via electronic mail by the State to:

> Karen Diligent
> Cost Recovery Section
> Bureau of Program Management
> Division of Environmental Remediation
> New York State Department of Environmental Conservation
> 625 Broadway, 12th Floor
> Albany, New York 12233
> (518) 402-9764
> Karen.Diligent@dec.ny.gov

## COMPLETE AGREEMENT/SIGNATURES

1.      This Consent Decree constitutes the complete agreement of the parties. This Consent Decree may not be amended, modified, supplemented, or otherwise changed without approval of this Court and the written consent of both the State and Settling Defendant. This Consent Decree may be signed in counterparts.

## EFFECTIVE DATE

2.      This Consent Decree shall become effective on the date that it is entered by the Court or the date that the Court in the Town Lawsuit issues an order of dismissal, whichever is later.

3.      In the event that the Court in the Town Lawsuit does not issue an order of dismissal of the Town Lawsuit but this Court has entered this Consent Decree, this Consent Decree shall be null and void and the State's claims against Settling Defendant in this Lawsuit shall be reinstated.

11

**AGREED TO BY:**

Dated: New York, New York
March 24, 2021

Dated: B͟a͟y͟ ͟S͟h͟o͟r͟e͟, New York
March 22, 2021

BASIL SEGGOS, as COMMISSIONER OF
THE NEW YORK STATE DEPARTMENT
OF ENVIRONMENTAL
CONSERVATION and TRUSTEE OF
NEW YORK STATE'S NATURAL
RESOURCES, and the STATE OF NEW
YORK

IEV TRUCKING CORP.

By:  /s/ Matthew J. Sinkman
Name: Matthew J. Sinkman
Title: Assistant Attorney General

By:
Name: Carlos Melgar
Title: Press

SO ORDERED:

_____
SANDRA J. FEUERSTEIN, U.S.D.J.

12