

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES                                                        DIVISION OF SOCIAL JUSTICE
ATTORNEY GENERAL                                                ENVIRONMENTAL PROTECTION BUREAU

March 22, 2022

**VIA ECF**
Hon. Margo K. Brodie
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   *Seggos et al. v. Datre et al.*, Civil Action No. 2:17-cv-02684-MKB-LB

Dear Judge Brodie:

We represent plaintiffs (together, the "State") in this action. On July 28, 2021 and October 27, 2021, the Court approved five consent decrees—the Consent Decree and the First, Second, Third, and Fourth Supplemental Consent Decrees—settling the State's claims against nine defendants. ECF Nos. 455, 458. I write to request that the Court approve the attached Fifth Supplemental Consent Decree, which settles the State's claims against a tenth defendant, New York Major Construction Inc. ("NY Major Construction").

**Background**

In this action the State seeks natural resource damages under the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. §§ 9601-9675 ("CERCLA"), and common law for the three-year closure of Roberto Clemente Park in Islip to clean up hazardous construction waste that had been dumped there. Complaint, ECF No. 1 ¶¶ 2, 230, 234, 238. NY Major Construction was the general contractor for construction at a site in Brooklyn, and the State alleges that NY Major Construction is liable for natural resource damages because it arranged for the transportation of construction waste containing hazardous substances from that site to the Park. *Id.* ¶¶ 22, 133-40, 224-26, 230.

**The Fifth Supplemental Consent Decree**

The Fifth Supplemental Consent Decree requires NY Major Construction to pay the State $90,000 in natural resource damages. 5th Supp. Consent Decree ¶ 3. That settlement amount is based on the same formula that the State used for the payments of natural resource damages under the First, Second, Third, and Fourth Supplemental Consent Decrees. That formula, which is set forth in detail in the State's memorandum requesting entry of the first four decrees, ECF No. 449-1 at 8-17, apportions liability to construction contractors like NY Major Construction based on the number of truckloads of construction waste transported to the Park, assesses damages of $20,144 per truckload, and then adjusts that amount by fifty percent to account for litigation risk, *id.* at 15.[1] To encourage early settlement—which will make funds available for the benefit of the Brentwood community more quickly—the State further negotiated each share that would be paid by the settling defendants. *Id.*

The State has alleged that NY Major Construction arranged for at least thirteen truckloads of construction waste to be transported from its site to the Park, Complaint ¶ 133, so its liability at $20,144 per truckload discounted by fifty percent is $130,936. The State and NY Major Construction settled for $90,000, which is just under seventy percent of that amount and is equal to the settlement amount approved with Atria Builders, LLC, ECF No. 449-1 at 16, which was also a construction site contractor with thirteen truckloads of waste from its site to the Park.[2]

The Court should approve the Fifth Supplemental Consent Decree because it is fair, reasonable, and consistent with the purposes of CERCLA. *See United States*

---

[1] The State is reviewing the GPS data that informed the allegations in the State's complaint as to the number of truckloads of construction waste transported from each construction contractor's site to the Park. Based on that review, the State may need to adjust the number of truckloads for some sites as well as the per-truckload damages in the settlement formula. The State does not anticipate adjusting the number of truckloads for NY Major Construction's site and had reached a settlement in principle with NY Major Construction based on the existing per-truckload damages before it began its review so has not revised that amount. The State will notify the Court and other parties of any recalibration of the settlement formula going forward.

[2] The State's negotiations with Atria Builders were based on an estimated per-truckload liability of $19,480, but that estimate has since increased to $20,144 based on the apparent insolvency of some defendants. *See id.* at 14-16. However, the State believes it is appropriate to settle for the same amount with Atria Builders and NY Major Construction because their respective construction sites generated the same number of alleged truckloads of waste to the Park.

*v. Cannons Eng'g Corp.*, 899 F.2d 79, 85-91 (1st Cir. 1990); *New York v. Pneumo Abex LLC*, No. 07-CV-794S, 2008 U.S. Dist. Lexis 16135, at *2-7 (W.D.N.Y. Feb. 28, 2008); *55 Motor Ave. Co. v. Liberty Indus. Finishing Corp.*, 332 F. Supp. 2d 525, 529-33 (E.D.N.Y. 2004); *New York v. City of Johnstown*, No. 87-CV-636, No. 87-CV-637, 1998 U.S. Dist. Lexis 5037, at *13-21 (N.D.N.Y. Apr. 2, 1998). The decree is procedurally fair, *see Cannons*, 899 F.2d at 86-87, because the State and NY Major Construction are both represented by sophisticated counsel who engaged in a good-faith, arm's length negotiation. The decree is substantively fair, *see id.* at 87-89, because it requires NY Major Construction to pay an amount consistent with its liability under the State's formula. The settlement is reasonable, *see id.* at 89-90, because the State's formula reasonably estimates the damages suffered by the public for lost use of the Park and the settlement reflects a reasonable compromise based on the parties' litigation positions. The settlement is also consistent with CERCLA because it allows the parties to avoid further litigation and imposes liability on an allegedly responsible party. *See id.* at 90-91; *City of Johnstown*, 1998 U.S. Dist. Lexis 5037, at *13-14.

## **Conclusion**

       The State respectfully requests that the Court enter the Fifth Supplemental Consent Decree. Upon entry of the decree, the Court will retain jurisdiction to enforce its terms. *See* 5th Supp. Consent Decree ¶ 1 (incorporating by reference 1st Supp. Consent Decree ¶ 3 (ECF No. 449-3 ¶ 3; So-Ordered at ECF No. 455)).

                                   Sincerely,

                                   /s/ Channing Wistar-Jones

                                   Assistant Attorney General

cc:    All counsel (by ECF)

        Thomas Datre, Jr.
        5 Brothers Farming Corp.
        2101 Pond Road
        Ronkonkoma, New York 11779

        Plus K Construction Inc.
        162-19 Depot Road, Suite 202
        Flushing, New York 11358

(Encl)