Clerk's Office
Filed Date: 4/26/22

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------- X

BASIL SEGGOS, as Commissioner of the New York State Department of Environmental Conservation and Trustee of New York State's Natural Resources, and the STATE OF NEW YORK,

          Plaintiffs,

          - against-

THOMAS DATRE, JR. et al.,

          Defendants.

------------------------------------------------------------------- X

**Civil Action No. 2:17-cv-02684-MKB-LB**

**FIFTH SUPPLEMENTAL CONSENT DECREE**

Plaintiffs Basil Seggos, as Commissioner of the New York State Department of Environmental Conservation and Trustee of New York State's Natural Resources, and the State of New York (together, the "State"), agree as follows with New York Major Construction Inc. ("Settling Defendant" or "NY Major Construction"):

**WHEREAS**, on May 4, 2017, the State commenced this action pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA") and New York common law, seeking damages for injury to, destruction of, and loss of New York's natural resources ("natural resource damages") caused by the alleged release of hazardous substances at Roberto Clemente Park in Brentwood, Long Island, New York (the "Park");

**WHEREAS**, the State alleged in its complaint that Settling Defendant, among others, is liable to the State for natural resource damages at the Park, pursuant to CERCLA §§ 107(a)(3) and 113(g)(1), 42 U.S.C. §§ 9607(a)(3), 9613(g)(1), and that Settling Defendant is also liable to the State for common law negligence and for a public nuisance under the common law and Real Property Actions and Proceedings Law § 841;

1

**WHEREAS**, the Court has already approved consent decrees in this action between the State and nine other defendants, *see* ECF Nos. 455, 458;

**WHEREAS**, during the pendency of this lawsuit, and without any admission of liability, the State and Settling Defendant engaged in settlement discussions regarding the State's claims;

**WHEREAS**, the State and Settling Defendant (each a "Party" and together, the "Parties") desire to enter into this Consent Decree to fully and finally resolve all claims that have been and could now or hereafter be asserted by the Parties with respect to the Matters Addressed, as defined below, without the necessity or further expense of prolonged and complex litigation, and without admission of liability, adjudication, or determination of any issue of fact or law;

**WHEREAS**, the State has determined that settlement of its claims against Settling Defendant in accordance with the terms set forth below is practicable and in the best interest of the public;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED BY AND BETWEEN THE UNDERSIGNED AS FOLLOWS:**

1. Paragraphs 1-8, 12, and 14-22 of the First Supplemental Consent Decree, ECF No. 449-3, are incorporated by reference. All references to the Settling Defendants in those paragraphs shall include NY Major Construction, and all references to the Decree in those paragraphs shall include this Consent Decree.

2. "Matters Addressed," as that term is used in this Consent Decree, means the State's claims for damages and costs which were asserted in its complaint.

3. NY Major Construction shall pay the total amount of $90,000 to the State as follows: (1) an initial payment of $20,000 within 30 days of the effective date of this decree, as

defined below; (2) a payment of $20,000 within 6 months thereafter; (3) a payment of $25,000 within 6 months thereafter; and (4) a payment of $25,000 within 6 months thereafter.

4. The payments set forth above shall be made according to wire instructions to be provided by the State.

5. At the time payment is remitted, Settling Defendant shall provide written electronic notice of the remittance in accordance with paragraph 6 below. Failure to make the payments required in paragraph 3 in the time periods specified therein shall constitute a default under this Consent Decree by Settling Defendant. In the event of such default, the State shall send written notice of the default to Settling Defendant. Such notice shall be sent via certified mail and electronic mail to Settling Defendant at the address noted below. Settling Defendant shall have thirty (30) days from the date of mailing to cure the default by payment of the amount originally due. If Settling Defendant fails to cure the default within that thirty (30) day period, the State shall be entitled (but not required) to demand the following: (1) interest of 12% per annum on the amount in default running from the original date of default; and (2) civil penalties in the amount of $100 per day running from the original date of default. Settling Defendant shall pay attorneys' fees and costs incurred by the State after the thirty (30) day period for curing the default to enforce those provisions.

## NOTIFICATIONS

6. Any notification to the State or Settling Defendant shall be in writing or electronic mail and shall be deemed properly given if sent to the following (or to such other addresses as the Parties may specify):

> **As to NY Major Construction:**
> William A. Ruskin
> Law Office of William A. Ruskin, PLLC
> 800 Westchester Avenue, Suite N-641

>Rye Brook, New York 10573
>(914) 231-0360
>wruskin@wruskinlaw.com
>
>**As to the State:**
>Channing Wistar-Jones
>New York State Department of Law
>Environmental Protection Bureau
>28 Liberty Street, 19th Floor
>New York, New York, 10005
>(212) 416-8446
>Channing.Jones@ag.ny.gov
>
>and
>
>Andrew Guglielmi
>Office of the General Counsel
>New York State Department of Environmental Conservation
>625 Broadway
>Albany, New York 12207
>(518) 402-9188
>Andrew.Guglielmi@dec.ny.gov

7. Notification of the payment of natural resource damages made pursuant to paragraph 3 above shall also be sent via electronic mail by the State to:

>Karen Diligent
>Cost Recovery Section, Bureau of Program Management
>Division of Environmental Remediation
>New York State Department of Environmental Conservation
>625 Broadway, 12th Floor
>Albany, New York 12233
>(518) 402-9764
>Karen.Diligent@dec.ny.gov

### COMPLETE AGREEMENT/SIGNATURES

8. This Consent Decree constitutes the complete agreement of the Parties. This Consent Decree may not be amended, modified, supplemented, or otherwise changed without

approval of this Court and the written consent of both the State and Settling Defendant. This Consent Decree may be signed in counterparts.

## EFFECTIVE DATE

9. This Consent Decree shall become effective on the date that it is entered by the Court. All times for performance of activities under this Consent Decree shall be calculated from that date.

### AGREED TO BY:

| BASIL SEGGOS, as COMMISSIONER OF THE NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION and TRUSTEE OF NEW YORK STATE'S NATURAL RESOURCES, and the STATE OF NEW YORK | NEW YORK MAJOR CONSTRUCTION INC. |
|---|---|
| By: /s/ Channing Wistar-Jones | By: [signature] |
| Name: Channing Wistar-Jones | Name: Moshe Nussenzweig |
| Title: Assistant Attorney General | Title: President |
| Date: March 18, 2022 | Date: 03/15/22 |

SO ORDERED:
s/ MKB 4/26/2022

_____
MARGO K. BRODIE
United States District Judge