UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
BASIL SEGGOS, as Commissioner of the
New York State Department of Environmental
Conservation and Trustee of New York State's
Natural Resources, and the STATE OF NEW YORK,

                                Plaintiffs,

           -against-

THOMAS DATRE, JR., et al.,

                                Defendants.
-----------------------------------------------------------------X

**REPORT & RECOMMENDATION**
**17 CV 2684 (MKB)(LB)**

**BLOOM, United States Magistrate Judge:**

Plaintiffs Basil Seggos and the State of New York ("plaintiffs") move pursuant to Federal Rule of Civil Procedure 37 for entries of default against defendants Thomas Datre, Jr., 5 Brothers Farming Corp., Sparrow Construction Corp., and Plus K Construction Inc. ("nonresponsive defendants") as a sanction for their failure to participate in discovery. ECF No. 511. For the reasons stated below, the Court respectfully recommends that plaintiffs' motion should be granted.

**BACKGROUND**

Plaintiffs' motion for sanctions arises in this Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA") case, which plaintiffs brought against more than two dozen individuals and entities in May 2017. The Court assumes familiarity with the case history and therefore limits itself to the facts relevant to plaintiffs' motion for sanctions against the four nonresponsive defendants.

Initially, the four nonresponsive defendants answered or otherwise appeared and responded to plaintiffs' complaint. On July 19, 2017, defendant Plus K Construction Inc. filed its answer and crossclaims. ECF No. 66. Sparrow Construction Corp. answered and crossclaimed on August 21, 2017. ECF No. 186. On October 20, 2017, defendants Thomas Datre, Jr. and 5 Brothers Farming Corp. filed a letter to join in another defendant's motion to dismiss. ECF Nos. 267. Counsel for the four

nonresponsive defendants all withdrew and, to date, no new notices of appearance have been filed on defendants' behalf.[1]

On October 4, 2022, the Court—at plaintiffs' request—scheduled a conference for October 25, 2022 to address outstanding discovery from several defendants, including the nonresponsive defendants. <u>See</u> Order dated Oct. 4, 2022. The Court warned that if the nonresponsive defendants failed to appear at the conference, "sanctions may be imposed under Fed. R. Civ. P. 37(b)(2)[.]" <u>Id.</u> Nevertheless, defendants Thomas Datre, Jr., 5 Brothers Farming Corp., Sparrow Construction Corp., and Plus K Construction Inc. failed to appear. <u>See</u> Order dated Oct. 25, 2022.

On December 1, 2022, plaintiffs moved to compel the four nonresponsive defendants to respond to document requests and interrogatories. ECF No. 485. The Court directed the defendants to respond to plaintiffs' motion by December 13, 2022 and warned that "if plaintiffs' motion to compel is granted and defendants fail to comply with the Court's Order, sanctions shall be imposed." Order dated Dec. 6, 2022. The nonresponsive defendants did not oppose plaintiffs' motion, nor did they appear. On December 16, 2022, the Court granted plaintiffs' motion to compel in part and directed the nonresponsive defendants to respond to plaintiffs' outstanding discovery requests by January 16, 2023. ECF No. 492. The Order stated that if defendants failed to comply, the Court would impose sanctions, "which may include the entry of a default judgment against them." <u>Id.</u> at 1. (citing Fed. R. Civ. P. 37(b)(2)(A)(vi)). The Court also reiterated that corporate parties cannot appear *pro se* in federal court,

---

[1] On July 3, 2018, Judge Lindsay, who was previously overseeing this case, granted attorney David Antwork's motion to withdraw as counsel for defendants Thomas Datre, Jr. and 5 Brothers Farming Corp. Judge Lindsay's Order warned that "a corporate defendant may not proceed *pro se*" and directed defendant to obtain new counsel by August 20, 2018. ECF No. 338 at 2. By that same date, defendant Datre Jr. was directed to "advise the Court if he intends to proceed *pro se*" or to have new counsel file a notice of appearance. <u>Id.</u> Defendant Datre Jr. never responded to Judge Lindsay's Order.

On January 14, 2021, Judge Lindsay granted counsel for defendant Plus K Construction's motion to withdraw, giving defendant 30 days to retain new counsel. ECF No. 443 at 2. The Court permitted counsel for defendant Sparrow Construction Corp. to withdraw on August 17, 2022, directing Sparrow to retain new counsel by September 19, 2022 and warning that a corporate defendant cannot proceed *pro se* in federal court. Order dated Aug. 17, 2022. New counsel never appeared.

and extended the deadline for Sparrow Construction Corp., Plus K Construction, and 5 Brothers to retain new counsel, directing them to do so by January 16, 2023. Id. at 1-2.

On February 13, 2023, plaintiffs filed the instant motion for sanctions because the nonresponsive defendants "have not complied with the Court's order. They have not responded to the Outstanding Requests nor appeared with counsel, and their time to do so has expired." 511-1 ¶ 12. Plaintiffs seek entry of a default, rather than a default judgment, "because [the State] remains in the process of assessing the amount of damages at issue in this case." Id. at 4.

Judge Brodie referred plaintiffs' motion to me. The Court ordered any opposition to be filed by March 9, 2023, warning that "[i]f no opposition to the sanctions motion is filed, the Court shall enter an appropriate sanction." Order dated Feb. 23, 2023. The nonresponsive defendants did not oppose plaintiffs' motion.

## DISCUSSION

"If a party fails to fulfill its discovery obligations, Rule 37 grants a district court 'wide discretion in imposing sanctions.'" Flores v. Boro Concrete Corp., No. 21-CV-5006, 2022 WL 17551851, at *2 (S.D.N.Y. Dec. 9, 2022) (quoting Shcherbakovskiy v. Da Capo Al Fine, Ltd., 490 F.3d 130, 135 (2d Cir. 2007)). Sanctions explicitly authorized by Rule 37 include "striking pleadings in whole or in part [. . . or] rendering a default judgment against the disobedient party" Fed. R. Civ. P. 37(b)(2)(A)(iii), (vi). Separately, Rule 16(f) authorizes a court to "issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to appear at a scheduling or other pretrial conference[.]" Fed R. Civ. P. 16(f)(1).

In determining the appropriate sanction, courts consider four factors: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the non–compliant party had been warned of the consequences of noncompliance." Funk v. Belneftekhim, 861 F.3d 354, 366 (2d Cir. 2017) (internal quotation, citation, and alteration omitted). "No sanction should be imposed without giving

the disobedient party notice of the particular sanction sought and an opportunity to be heard in opposition to its imposition." S.E.C. v. Razmilovic, 738 F.3d 14, 24 (2d Cir. 2013), *as amended* (Nov. 26, 2013).

"Further, under Rule 55(a), when a party's failure to defend 'is shown by affidavit or otherwise, the clerk must enter the party's default.'" Xin Hao Liu v. Millenium Motors Sports, LLC, No. 17-CV-6438, 2020 WL 7028924, at *6 (E.D.N.Y. Nov. 5, 2020), *report and recommendation adopted*, 2020 WL 7024378 (E.D.N.Y. Nov. 30, 2020) (quoting Fed. R. Civ. P. 55(a)).

Here, entering a default against the nonresponsive defendants is appropriate given their "complete failure to participate in this litigation" after their counsel withdrew. Trustees of the Paper Prod., Miscellaneous Chauffers, Warehousemen & Helpers Union Loc. 27 Welfare Tr. Fund & Pension Fund v. J & J Int'l Logistics, Corp., No. 12-CV-1475, 2013 WL 5532710, at *3 (E.D.N.Y. Oct. 4, 2013); Xin Hao Liu, 2020 WL 7028924, at *5-6 (striking answer and directing entry of default after defendants failed to retain new counsel or respond to motion to compel); Northfield Ins. Co. v. Mannara Contracting Corp., No. 18-CV-6447, 2019 WL 5874063, at *1 (E.D.N.Y. Aug. 22, 2019), *report and recommendation adopted*, 2019 WL 4291652 (E.D.N.Y. Sept. 11, 2019) (striking answer and entering default after defendant failed to participate in case following withdrawal of counsel).

The nonresponsive defendants have failed to retain new counsel as directed, ignored plaintiffs' discovery requests, missed a Court conference which they were explicitly directed to attend, and failed to comply with Court orders. The plaintiffs served the outstanding discovery requests on the nonresponsive defendants between June and September 2022. ECF No. 511-1 ¶ 8. The nonresponsive defendants did not appear at the October 25, 2022 conference, nor did they produce any discovery material by the January 16, 2023 deadline set by the Court's order granting plaintiffs' motion to compel. See Orders dated Oct. 4, 2022; Oct. 25, 2022; ECF No. 492 at 1. Additionally, defendants 5 Brothers Farming Corp., Sparrow Construction Corp., and Plus K Construction Inc. have failed to retain new counsel as directed. ECF No. 492 at 2.

Having previously appeared, the nonresponsive defendants are unquestionably aware of this proceeding.[2] "Based on defendants' radio silence, 'the only reasonable inference is that . . . defendants willfully abandoned their defense of this case.'" Maldonado v. Loxton Inc., No. 20-CV-5776, 2022 WL 18858967, at *4 (E.D.N.Y. June 9, 2022) (quoting Microsoft Corp. v. Computer Care Ctr., Inc., No. 06-CV-1429, 2008 WL 4179653, at *6 (E.D.N.Y. Sept. 10, 2008)); Xin Hao Liu, 2020 WL 7028924, at *3 ("Courts in this District find a litigant's actions to be willful when there has been unexplained and repeated failure to respond to discovery requests, comply with court orders, and appear in a scheduled hearing.") (collecting cases).

Further, the Court warned the nonresponsive defendants "regularly and often" about sanctions. Guggenheim Cap., LLC v. Birnbaum, 722 F.3d 444, 452 (2d Cir. 2013). Starting with the October 4, 2022 Order setting the October 25, 2022 conference, the Court issued no fewer than three warnings regarding sanctions to the nonresponsive defendants. See Orders dated Oct. 4, 2022; Dec. 6, 2022; Feb. 23, 2023; ECF No. 492. The Court's December 16, 2022 Order explicitly put the nonresponsive defendants on notice that a default judgment could be entered against them. ECF No. 492 at 1. Plaintiffs' requested sanction—entry of default—is therefore *less* severe than what the Court warned defendants could be imposed. As the nonresponsive defendants "squandered numerous opportunities to comply with court orders," there is no reason to believe a milder sanction would yield different results. Maldonado, 2022 WL 18858967, at *5; JCDecaux Airport, Inc. v. Tom Sawyer Prods., Inc., No. 16-CV-5067, 2020 WL 635580, at *5 (S.D.N.Y. Feb. 11, 2020) ("Based on the history of defendants' repeated noncompliance with discovery deadlines and the Court's directives, it is obvious to the Court that any lesser sanction would be an exercise in futility.") (internal quotation and citation omitted). Finally, the period of noncompliance also weighs in favor of imposing an entry of default. Loc. Union No. 40 of the Int'l Ass'n of Bridge v. Car-Wi Const., 88 F. Supp. 3d 250, 265 (S.D.N.Y.

---

[2] Plaintiffs served copies of their motions to compel and for sanctions, as well as the Court's orders, on the nonresponsive defendants at their last known addresses. ECF Nos. 482; 486; 490; 494; 512.

2015) (noting "durations of time as brief as a few months have been held to weigh in favor of dispositive sanctions") (collecting cases).

## CONCLUSION

Accordingly, it is respectfully recommended that the Court should grant plaintiffs' motion, strike the nonresponsive defendants' answers and crossclaims (ECF Nos. 66, 186),[3] and enter defaults against Thomas Datre, Jr., 5 Brothers Farming Corp., Sparrow Construction Corp., and Plus K Construction Inc.

Plaintiffs are directed to serve a copy of this Report on the nonresponsive defendants and file proof of service forthwith.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physicians' Health Plan, Inc., 293 F.3d 42, 46 (2d Cir. 2002); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

_____/S/_____
LOIS BLOOM
United States Magistrate Judge

Dated:  March 22, 2023
        Brooklyn, New York

---

[3] Although plaintiffs do not explicitly seek this relief, it is appropriate. See Northfield Ins. Co., 2019 WL 5874063 (*sua sponte* recommending striking defendant's answer as a sanction).