

STATE OF NEW YORK

OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF SOCIAL JUSTICE
ENVIRONMENTAL PROTECTION BUREAU

September 18, 2023

**VIA ECF**
Hon. Margo K. Brodie
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: <u>Seggos et al. v. Datre et al.</u>, Civil Action No. 2:17-cv-02684-MKB-LB

Dear Judge Brodie:

We represent plaintiffs (together, the "State") in this action. To date the Court has approved eleven consent decrees—the Consent Decree and the First through Tenth Supplemental Consent Decrees—settling the State's claims against fifteen defendants. ECF Nos. 455, 458, 471, 480, 509, 510, 518, 519. We write to request that the Court also approve the attached Eleventh Supplemental Consent Decree, which settles the State's claims against a sixteenth defendant, All Island Masonry & Concrete, Inc. ("All Island").

**Background**

In this action the State seeks natural resource damages under the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. §§ 9601-9675 ("CERCLA"), and common law for the three-year closure of Roberto Clemente Park in Brentwood to clean up hazardous construction waste that had been dumped there by defendants. Complaint, ECF No. 1 ¶¶ 2, 230, 234, 238. All Island was contractor for excavation at 96 Wythe Avenue in Brooklyn, New York, and the State alleges that All Island is liable for natural resource damages because it arranged for the transportation of construction waste containing hazardous substances from that site to the Park. *Id.* ¶¶ 15, 104-16, 224-26, 230.

### The Eleventh Supplemental Consent Decree

The Eleventh Supplemental Consent Decree requires All Island to pay the State $300,000 for natural resource damages. 11th Supp. Consent Decree ¶ 3. That amount is based on the formula that the State has used to settle with other construction contractor defendants under the First through Tenth Supplemental Consent Decrees. The State's formula—described in greater detail in the motion papers seeking approval of previous settlements—attributes $22,780 in damages to each truckload of waste brought from a given contractor's site and discounts that amount by fifty percent to reflect litigation risk, resulting in $11,390 per truckload. *See* ECF No. 449-1 at 8-17 (describing formula); ECF No. 479 at 2 (recalibrating truckload amount to reflect new information).

The State believes that All Island and the general contractors from the 96 Wythe Avenue site, Building Dev Corp. and Dimyon Development Corp., arranged for at least thirty-six truckloads of construction waste to be transported from their construction site to the Park.[1] *See* Compl. ¶¶ 104-16. This is the highest number of waste loads to Roberto Clemente Park of any construction site in this case. The State dismissed its claims against Building Dev and Dimyon due to financial insolvency. *See* ECF No. 528. This makes All Island responsible for $410,044 under the State's damages formula, at $11,390 per truckload. All Island settled for $300,000. The per-truckload amount (about $8,333) is commensurate with other settlements approved under the First through Tenth Supplemental Consent Decrees and the total settlement of $300,000 is the highest in this case.

The Court should approve the Eleventh Supplemental Consent Decree because it is fair, reasonable, and consistent with the purposes of CERCLA. *See United States v. Cannons Eng'g Corp.*, 899 F.2d 79, 85-91 (1st Cir. 1990); *New York v. Pneumo Abex LLC*, No. 07-CV-794S, 2008 U.S. Dist. Lexis 16135, at \*2-7 (W.D.N.Y. Feb. 28, 2008); *55 Motor Ave. Co. v. Liberty Indus. Finishing Corp.*, 332 F. Supp. 2d 525, 529-33 (E.D.N.Y. 2004); *New York v. City of Johnstown*, No. 87-CV-636, No. 87-CV-637, 1998 U.S. Dist. Lexis 5037, at \*13-21 (N.D.N.Y. Apr. 2, 1998). The decree is procedurally fair, *see Cannons*, 899 F.2d at 86-87, because the State and All Island are both represented by sophisticated counsel who engaged in a good-faith, arm's length negotiation. The decree is substantively fair, *see id.* at 87-89, because it requires All Island to pay an amount consistent with its liability under the State's formula for the 96 Wythe Avenue site and accounting for litigation risk. The settlement is reasonable, *see id.* at 89-90, because the State's formula

---

[1] The State's complaint alleged that the 96 Wythe Avenue defendants arranged for at least forty truckloads of construction waste to be transported from their construction site to the Park. Compl. ¶¶ 104-116. Based on our further review of GPS data that informed these allegations, the State now believes there were thirty-six truckloads from 96 Wythe Avenue to the Park. *See* ECF No. 479 at 2 (explaining recount of some truckloads based on recent data analysis).

reasonably estimates the damages suffered by the public for lost use of the Park and the settlement reflects a reasonable compromise based on the parties' litigation positions. The settlement is also consistent with CERCLA because it allows the parties to avoid further litigation and imposes liability on an allegedly responsible party. *See id.* at 90-91; *City of Johnstown*, 1998 U.S. Dist. Lexis 5037, at *13-14.

## Conclusion

The State respectfully requests that the Court enter the Eleventh Supplemental Consent Decree. Upon entry of the decree, the Court will retain jurisdiction to enforce its terms. *See* 11th Supp. Consent Decree ¶ 1 (incorporating by reference 1st Supp. Consent Decree ¶ 3 (ECF No. 449-3 ¶ 3; So-Ordered at ECF No. 455)).

      Sincerely,

      /s/ Channing Wistar-Jones

      Assistant Attorney General

cc:    All counsel (by ECF)

(Encl)