UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
BASIL SEGGOS, as Commissioner of the New York
State Department of Environmental Conservation and
Trustee of New York State's Natural Resources, and
the STATE OF NEW YORK,

                    Plaintiffs,

    -against-

THOMAS DATRE, JR., CHRISTOPHER GRABE,
5 BROTHERS FARMING CORP.,
SAM'S RENT, INC., SUKRAM AND SONS LTD.,
WOORI CONSTRUCTION, INC., PLUS K
CONSTRUCTION, INC., NY FINEST
ENTERPRISES, INC., LUCIANO'S
CONSTRUCTION, INC., SPARROW
CONSTRUCTION CORP., CIANO CONCRETE
CORP., FREEDOM CITY CONTRACTING CORP.,
AND TOTAL STRUCTURE SERVICES, INC.[1]

                    Defendants.
------------------------------------------------------------------X

                                  SUPPLEMENTAL
                         REPORT & RECOMMENDATION
                          17 CV 2684 (MKB)(LB)

**BLOOM, United States Magistrate Judge:**

       I filed my Report and Recommendation in this motion for a default judgment on July 18, 2024. ECF No. 539. Plaintiffs now write to clarify the elements of a natural resource damages claim under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"). ECF No. 541. For the reasons discussed below, I respectfully supplement my Report and Recommendation to include these elements as set forth in plaintiffs' clarification.

       Unlike a claim for cost recovery under CERCLA, plaintiffs seek entry of a default judgment against these thirteen defendants for a natural resource damages claim. ECF No. 541; 42 U.S.C. § 9607(a)(4)(C). Although the elements for cost recovery and natural resource damages claims overlap, the elements of a prima facie natural resource damages claim require that plaintiffs establish "(1) that the property owned and operated by the defendant is a 'facility;' (2) that 'a release or threatened release

---

[1] Only the thirteen defendants who have defaulted in this action are listed in the above-caption. All the other defendants originally named in this action have resolved plaintiffs' claims against them.

of a hazardous substance from the facility has occurred;'…that the defendants are 'responsible parties' within the meaning of 42 U.S.C. § 9607(a); (4) that 'natural resources within the trusteeship of the State have been injured;' and (5) that the injury to natural resources resulted from a release of a hazardous substance." New York v. Next Millennium Realty, LLC, 160 F. Supp. 3d 485, 523-24 (E.D.N.Y. 2016) (internal quotations and citations omitted). The first three elements of the prima facie case for a natural resource damages claim are addressed in my Report and Recommendation, ECF No. 539, but the fourth and fifth elements are not.[2]

CERCLA defines a "natural resource" at 42 U.S.C. § 9501(16) and includes "land,…ground water,…and other such resources belonging to, managed by, held in trust by, appertaining to, or otherwise controlled by…any State or local government." Plaintiffs' complaint properly pleads that under New York law, all dedicated parks, "are held in trust for the people of New York." ECF No. 1 at ¶ 49, citing Friends of Van Cortlandt Park v. City of New York, 95 N.Y.2d 623, 631 (N.Y. 2001). Plaintiffs establish that there was an injury to natural resources within the trusteeship of the State when Roberto Clemente Park was closed, ECF No. 1 at ¶ 103, and that the injury was a result of the release of a hazardous substance. ECF No. 1 at ¶¶ 87, 90, 96-107. Plaintiffs therefore satisfy all five elements to establish a prima facie natural resource damages claim.

## CONCLUSION

Accordingly, pursuant to Fed. R. Civ. P. 54(b), it is respectfully recommended that plaintiffs' motion should be granted, and the Court should enter a default judgment in favor of plaintiffs against the thirteen defendants[3] in the amount of $4,020,959.71. Plaintiff is hereby ordered to serve a copy of this Supplemental Report and Recommendation on the thirteen defendants at their last known addresses and to file proof of service with the Court forthwith.

---

[2] This was an oversight on my part. I appreciate plaintiffs' letter bringing this matter to the Court's attention.

[3] Thomas Datre, Jr., Christopher Grabe, 5 Brothers Farming Corp., Sam's Rent, Inc., Sukram and Sons Ltd., Woori Construction, Inc., Plus K Construction, Inc., NY Finest Enterprises, Inc., Luciano's Construction, Inc., Sparrow Construction Corp., Ciano Concrete Corp., Freedom City Contracting Corp., and Total Structure Services, Inc.

**FILING OF OBJECTIONS TO REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physician's Health Plan, Inc., 293 F.3d 42, 46 (2d Cir. 2002); Small v. Sec'y of Health & Human Servs., 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

                                                    /S/
                                            LOIS BLOOM
                                            United States Magistrate Judge

Dated: July 29, 2024
        Brooklyn, New York