UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

BASIL SEGGOS, *as Commissioner of the New York State Department of Environmental Conservation and Trustee of New York State's Natural Resources*, and the STATE OF NEW YORK,

                Plaintiffs,

v.

THOMAS DATRE, JR.; CHRISTOPHER GRABE; 5 BROTHERS FARMING CORP.; IEV TRUCKING CORP.; COD SERVICES CORP.; ALL ISLAND MASONRY & CONCRETE, INC.; TOUCHSTONE HOMES LLC; SAMS RENT AND CONSTRUCTION; SAM'S RENT, INC.; EAST COAST DRILLING NY INC.; TRITON CONSTRUCTION COMPANY, LLC; SUKRAM AND SONS LTD.; "JOHN DOE"; ATRIA BUILDERS, LLC; WOORI CONSTRUCTION INC.; PLUS K CONSTRUCTION INC.; NY FINEST ENTERPRISES INC.; MONACO CONSTRUCTION CORP.; ALEF CONSTRUCTION INC.; 158 FRANKLIN AVE. LLC; LUCIANO'S CONSTRUCTION, INC.; ILE CONSTRUCTION GROUP, INC.; EAST END MATERIALS, INC.; SPARROW CONSTRUCTION CORP.; CIANO CONCRETE CORP.; FREEDOM CITY CONTRACTING CORP.; and TOTAL STRUCTURE SERVICES INC.,

                Defendants.

**ORDER**

17-CV-2684 (MKB)(LB)

---

MARGO K. BRODIE, United States District Judge:

Plaintiffs Basil Seggos, as Commissioner of the New York State Department of Environmental Conservation (the "DEC"), and Trustee of New York State's Natural Resources, and the State of New York commenced the above-captioned action on May 4, 2017, against more than two dozen contractors, waste brokers, and haulers who were involved with dumping "tens of

thousands of tons of construction waste containing hazardous substances" in a public park in Brentwood, Long Island in violation of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 U.S.C. § 9601 *et seq.* ("CERCLA"); New York Real Property Actions and Proceedings Law § 841; and New York common law.  (Compl. ¶¶ 1–2, Docket Entry No. 1.)  Several of the Defendants — Thomas Datre Jr., Christopher Grabe, 5 Brothers Farming Corp., Sam's Rent, Inc., Sukram and Sons Ltd., Woori Construction Inc., Plus K Construction Inc., NY Finest Enterprises Inc., Luciano's Construction, Inc., Sparrow Construction Corp., Ciano Concrete Corp., Freedom City Contracting Corp., and Total Structure Services Inc. (the "Defaulting Defendants") — have failed to appear or otherwise respond to this action.[1]  Plaintiffs moved for default judgment against the Defaulting Defendants on November 20, 2023. (Pls.' Mot. for Default J. ("Pls.' Mot."), Docket Entry No. 532; Pls.' Mem. in Supp. of Pls.' Mot. ("Pls.' Mem."), Docket Entry No. 532-21.)  On November 21, 2023, the Court referred Plaintiffs' motion to Magistrate Judge Lois Bloom for a report and recommendation.  (Order dated Nov. 21, 2023.)

By report and recommendation dated July 18, 2024, Judge Bloom recommended that the Court grant Plaintiffs' motion for default judgment ("R&R").  (R&R 14, Docket Entry No. 539.)  On July 29, 2024, Judge Bloom issued a supplemental report and recommendation to include an analysis of certain elements of a natural resource damages claim under CERCLA that were not

---

[1] On September 8, 2017, the Clerk of Court entered default against Defendants Christopher Grabe, Sam's Rent, Inc., Luciano's Construction, Inc., Ciano Concrete Corp., Freedom City Contracting Corp., Total Structure Services Inc., Sukram and Sons Ltd., Woori Construction Inc., 158 Franklin Ave. LLC, Alef Construction Inc., and NY Finest Enterprises Inc.  (Clerk's Entry of Default, Docket Entry No. 238.)  The remainder of the Defaulting Defendants, Thomas Datre, Jr., 5 Brothers Farming Corp., Sparrow Construction Corp., and Plus K Construction Inc., initially appeared in this action but have failed to participate in discovery, and Plaintiffs moved for an order directing the entry of default against them.  (*See* Pl.'s Mot. for Sanctions, Docket Entry No. 511.)  On June 28, 2023, the Court struck their answers and crossclaims and entered default against them.  (June 2023 Decision, Docket Entry No. 523.)

2

addressed in the R&R ("Supplemental R&R").[2] (Supplemental R&R, Docket Entry No. 542.) In the R&R and Supplemental R&R, Judge Bloom found that Plaintiffs established all five elements of a prima facie natural resource damages claim, and recommended that the Court grant Plaintiffs' motion and award them $4,020,959.71 in damages. (*Id.* at 1–2; R&R at 5–9.)

No objections to the R&R or the Supplemental R&R have been filed and the time for doing so has passed.

I. **Discussion**

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "Where parties receive clear notice of the consequences, failure to timely object to a magistrate[] [judge's] report and recommendation operates as a waiver of further judicial review of the magistrate[] [judge's] decision." *Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) (quoting *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)); *see also Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022) ("[T]his court has 'adopted the rule that when a party fails to object timely to a magistrate[] [judge's] recommended decision, it waives any right to further judicial review of that decision.'" (internal quotation marks omitted) (quoting *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988))); *Phillips v. Long Island R.R. Co.*, 832 F. App'x 99, 100 (2d Cir. 2021) (observing the same rule); *Almonte v. Suffolk County*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Sepe v. N.Y. State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012)

---

[2] Judge Bloom issued the Supplemental R&R in response to a letter that Plaintiffs filed "in support of" the R&R "and to recommend a clarification concerning the applicable standard for a natural resource damages claim under" CERCLA. (Pls.' Letter dated July 25, 2024, Docket Entry No. 541.)

("Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'" (first quoting *United States v. Male Juv. (95-CR-1074)*, 121 F.3d 34, 38 (2d Cir. 1997); and then citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985))); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's [r]eport and [r]ecommendation if the party fails to file timely objections designating the particular issue." (first citing *Cephas*, 328 F.3d at 107; and then citing *Mario*, 313 F.3d at 766)).

The Court has reviewed the R&R and the Supplemental R&R and, finding no clear error, adopts the R&R and the Supplemental R&R pursuant to 28 U.S.C. § 636(b)(1).

## II. Conclusion

Accordingly, the Court grants Plaintiffs' motion for default judgment, and enters judgment in favor of Plaintiffs against Thomas Datre Jr., Christopher Grabe, 5 Brothers Farming Corp., Sam's Rent, Inc., Sukram and Sons Ltd., Woori Construction Inc., Plus K Construction Inc., NY Finest Enterprises Inc., Luciano's Construction, Inc., Sparrow Construction Corp., Ciano Concrete Corp., Freedom City Contracting Corp., and Total Structure Services Inc., for a total of $4,020,959.71 in damages.

Dated: August 14, 2024
      Brooklyn, New York

SO ORDERED:

      S/MKB
MARGO K. BRODIE
United States District Judge